Jean **JONES**, Appellant,

v.

**STATE HIGHWAY COMMISSION,**
**Respondent.**

No. KCD 30606.

Missouri Court of Appeals,
Western District.

Dec. 31, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 4, 1980.

Application to Transfer Denied
March 11, 1980.

James W. Jeans, Platte City, Leon B. Seck, Harrisonville, for appellant.

Bruce A. Ring, John W. Maupin, Curtis F. Thompson, Jefferson City, for respondent.

Before WASSERSTROM, C. J., Presiding, and WELBORN and MASON, Special Judges.

ROBERT R. WELBORN, Special Judge.

Action for damages for personal injury arising out of one vehicle automobile mishap. Plaintiff's cause of action was in two counts. Trial court directed verdict for defendant on one count. Jury found for defendant on second count. Plaintiff has appealed.

On Sunday afternoon, June 18, 1972, plaintiff-appellant Jean Jones, accompanied by her three small children, was driving her 1968 Chevrolet station wagon southbound on Highway 71 near 143rd Street in Grandview. The weather was clear and the pavement dry. Driving at between 50 and 55 miles per hour, she pulled into the left-hand lane of the highway to pass another auto. Mrs. Jones described what then happened as follows:

" * * * I was just driving the same way I had been all the time, and all of a sudden I could feel the front of the car just kick to the right and I took my hands on the steering wheel to try to straighten it out so I wouldn't completely lose control of it, but that's the last I remember."

Physical evidence at the scene showed that the left rear wheel of Mrs. Jones's auto went off the paved portion of the roadway and into a rut of some three to seven inches in depth on the shoulder, along the pavement. The car traveled some 66 feet in this fashion, then skidded diagonally across the pavement 113 feet to the right-hand side, onto the shoulder and along an embankment, where it struck a concrete sign base, 15 inches above ground level and 12 feet seven inches from the western edge of the pavement. The car finally came to rest at the foot of the embankment, 117 feet beyond the sign base. Mrs. Jones's injuries included a fracture dislocation of the fifth cervical vertebra which left her a quadriplegic.

In the area of the accident, Highway 71 was a four-lane divided freeway, the major north-south thoroughfare to and from Kansas City, Missouri. When the highway was built (it opened for traffic in 1962), the twenty-four-foot concrete roadways were abutted by shoulders of crushed stone, three inches thick, on a dirt base. On such a roadway, the aggregate on the shoulder along the edge of the pavement is "whipped out" by traffic, resulting in a drop-off of some distance between the pavement and the shoulder. Periodic maintenance of the highway included replacing the aggregate in such areas, but it "whipped" back out.

The Grandview police officer who responded to the accident call found a rut of three to seven inches in depth at the edge of the left side of the pavement. Rock had been thrown from the rut onto the pavement for a distance of 66 feet and scuff marks were found on the inside of the left rear tire of Mrs. Jones's auto. No scuff marks appeared on the inside of the front tire.

The petition of Mrs. Jones seeking damages from the Missouri State Highway Commission was in two counts. Count I charged negligence on the part of the defendant in the design of the highway, in permitting the highway to remain in a dangerous and defective condition and in failing to warn of such condition. Count II charged that the condition of the highway constituted a nuisance.

Plaintiff's petition was originally dismissed by the trial court on defendant's invocation of the sovereign immunity doctrine. Plaintiff appealed to this court. In an opinion by Judge Shangler, this court concluded that plaintiff's petition stated a claim based upon nuisance and that the doctrine of sovereign immunity was not available as a defense to such a claim. The case was ordered transferred to the Supreme Court, resulting in a decision overturning the doctrine of sovereign immunity. *Jones v. State Highway Commission*, 557 S.W.2d 225 (Mo. banc 1977).

Upon the trial, defendant's motion for a directed verdict as to the nuisance count was sustained and the trial court refused the instructions proffered by plaintiff on this theory. Appellant here attacks the trial court's rulings on this issue.

On this appeal, appellant relies upon Judge Shangler's opinion on the earlier appeal. In that case, the court looked at the petition which asserted the following as the basis for plaintiff's claim on the nuisance theory:

"That on the date of said incident and for a long period of time before the highway at said point was in a dangerous and defective condition to that:

"1. The contour of the road and its crown was so constructed that vehicles approaching a curve in the road were inclined to drift off the roadway and onto the shoulder;

"2. The east should was uneven and irregular and its surface sunk so that there were drop offs of several inches throughout a substantial length of the roadway *  * ;

"3. Two concrete bases for a sign was located immediately adjacent to the west shoulder and elevated above the surface of the ground;

"4. Immediately adjacent to the west shoulder the terrain precipitously sloped into a deep swale or ravine.

"That the aforesaid highway at said point where such dangerous and defective conditions exist is a heavily trafficked expressway and by reason thereof thousand of drivers and passengers each are subjected to the hazards of encountering such dangerous and defective conditions while traveling at high speed, at day and night under diverse weather conditions and that numerous accidents involving death and serious injuries have occurred as a direct result of such conditions."

On this appeal, there is no contention that the allegation regarding the contour of the roadway was proved. In fact plaintiff's expert witness testified that he had examined the roadway surface and found nothing which would cause a vehicle

to depart from the paved portion of the highway. Insofar as other accidents were concerned, the evidence showed only that on June 3, 1972, the driver of another vehicle, proceeding southbound on Route 71 in the same area, "felt [her auto] drop off the road" as she was driving in the left-hand lane and when she tried to get the car back on the highway, the vehicle skidded across the roadway and struck the sign base (and sign) which Mrs. Jones's auto later hit. Given the failure to prove these elements of the claim considered by Judge Shangler, the opinion in that case cannot be considered persuasive on the claim here asserted.

The question remains whether or not the other three conditions, concerning which there was evidence and which were characterized by plaintiff's experts as being inherently dangerous, with the combination of all three being described as "extremely hazardous" and "grossly inherently unsafe," provided a basis for the nuisance submission.

"There must * * * be a degree of danger (likely to result in damage) inherent in the thing itself, beyond that arising from mere failure to exercise ordinary care in its use before the question of a nuisance can properly be submitted to a jury. 'The question as to what constitutes a nuisance is one of law for the court; but it is for the jury to decide whether a particular act or structure or use of property, which is not a nuisance per se, is a nuisance in fact.' 46 C.J. 812, § 469. Of course, this condition of inherent or intrinsic danger may arise either from original improper construction of a structure or from such a deterioration thereof from neglect as to warrant the conclusion that an inherently dangerous condition is intentionally permitted to exist." *Pearson v. Kansas City*, 331 Mo. 885, 55 S.W.2d 485, 489–490[4–6] (1932).

Appellant's evidence failed to demonstrate "a degree of danger (likely to result in damage) inherent in the thing itself." Her evidence showed only one previous accident at the site of appellant's mishap. With a daily use by vehicles of this roadway at a rate of 17,710 per day during 1972, the opinion of appellant's experts regarding the condition is belied by the facts. The trial court properly concluded as a matter of law that the condition was not inherently dangerous and correctly refused the instructions offered by appellant on the nuisance theory.

Appellant complains of the contributory negligence instruction given at the request of respondent. That instruction read as follows:

"INSTRUCTION NO. 4

"Your verdict must be for defendant if you believe:

"First, plaintiff allowed her vehicle to depart from the paved portion of the highway without cause or excuse; and

"Second, plaintiff was thereby negligent; and

"Third, such negligence of plaintiff directly caused or directly contributed to cause any damage plaintiff may have sustained.

"The term 'negligent' or 'negligence' as used in this instruction means the failure to use that degree of care that a very careful and prudent person would use under the same or similar circumstances."

Appellant first complains that the instruction "arbitrarily" imposed a higher degree of care on her than upon respondent and thus denied completely any recovery by her if her failure to meet that higher degree of care contributed to any extent in causing her injury. Appellant notes the recent decision in *Mo. Pac. R. Co. v. Whitehead & Kales Co.*, 566 S.W.2d 466 (Mo. banc 1978), and argues that if negligence is to be allocated between defendants, "it is completely illogical" not to do so between plaintiff and defendant in a negligence case. In view of the recent decision of the Supreme Court reaffirming its refusal to adopt the comparative negligence concept as the law in this state (*Steinman v. Strobel, et al.*, Mo., 589 S.W.2d 293 (1979), this court's consideration of this argument is foreclosed.

Appellant further complains that the negligence submitted by the instruction (allowing her vehicle to depart from the paved portion of the highway) could not have been a contributing cause of the casualty absent proof that such act created a foreseeable risk of loss of control of her vehicle.

That complaint has merit. Respondent's position is stated: "It is axiomatic that when a vehicle being driven in excess of 50 miles per hour departs from a paved highway some injury is reasonably foreseeable." However, given a properly designed and maintained shoulder, flush with the pavement, a deviation from the pavement to the shoulder of a few inches laterally would not, even at the speed here involved, reasonably be anticipated to result in harm. Respondent points to no rule of the road which forbids the act here charged. In fact, "driving off the travelled portion of the highway" has been considered an allegation of general negligence, not a charge of a negligent act in itself, but only as giving rise to an inference of negligence in an otherwise unexplained incident. *Harke v. Haase*, 335 Mo. 1104, 75 S.W.2d 1001, 1003 (1934); *Scott v. Club Exchange Corp.*, 560 S.W.2d 289, 293–294[2–5] (Mo.App. 1977). In view of the evidence in this case which showed the "cause of the casualty" (*Scott*), a charge based upon general negligence was inappropriate and failed to submit an act on the part of the plaintiff which would defeat her recovery. See *Jones v. Nugent*, 164 Va. 378, 180 S.E. 161 (1935).

Respondent's argument that any trial error was immaterial because plaintiff was guilty of contributory negligence as a matter of law and was in no event entitled to recover is rejected. Respondent points to no act on the part of appellant which would require such conclusion.

Other claims of error, raised by appellant, may not recur upon a retrial and need not be considered.

Judgment affirmed as to Count II. Reversed and remanded for a new trial as to Count I.

All concur.