Vernon KARY and Joyce Kary,
Plaintiffs-Appellants,

v.

MISSOURI HIGHWAY AND TRANS-
PORTATION COMMISSION,
Defendant-Respondent.

No. 48733.

Missouri Court of Appeals,
Eastern District,
Division One.

March 12, 1985.

James R. Keller, St. Louis, for plaintiffs-appellants.

Alice Sterkel, St. Louis, for defendant-respondent.

PUDLOWSKI, Presiding Judge.

This is an action for personal injury in which the trial court entered summary judgment in favor of defendant-respondent, Missouri Highway and Transportation Commission (hereinafter referred to as

"Commission") and against plaintiffs-appellants Vernon Kary and Joyce Kary. This appeal involves whether the plaintiffs have pled facts sufficient to constitute a cause of action for nuisance. We affirm.

## FACTS

Prior to April 13, 1980, Commission erected metal reflector stakes along the outside shoulder of Interstate 270. One of these metal reflector stakes was struck or bent by a person or persons unknown, and the reflector button knocked off such that the metal reflector stake extended over the shoulder of Interstate 270 approximately 12 inches above the pavement.

On or about April 13, 1980, plaintiff Vernon Kary operated a motorcycle along the outside shoulder when he struck the bent metal reflector stake, causing him to be violently thrown from his motorcycle and sustain serious and permanent injuries.

Plaintiffs allege that the stakes created an inherently dangerous condition. They further allege that the reflector buttons on said stakes continually fall off and cannot be seen at night. The presence of the stakes along the shoulder of the highway caused the stakes to be struck and bent by vehicles using the shoulder in a manner that creates a dangerous obstruction. Although the stakes are struck and bent often, the Commission does not regularly inspect and repair these stakes and instead keeps a supply of replacement stakes in its highway trucks for its employees to replace reflector stakes at random when said employees are not engaged in other maintenance activities.

Plaintiffs further allege that the Commission intentionally permitted this dangerous condition to exist in that after the aforesaid stake was struck, employees of the defendant inspected the section of highway where the stake was located to detect any defective highway signs and markers and did observe the bent condition of and missing reflector button on said stake.

Commission moved the trial court for summary judgment on the basis of sovereign immunity, arguing that because plain-

tiffs did not allege a statutory exception, plaintiffs did not plead facts sufficient to waive sovereign immunity. The trial court entered summary judgment.

Plaintiffs do not dispute that the Commission enjoys sovereign immunity from negligence, absent express constitutional or statutory provisions to the contrary. Mo.Rev.Stat. § 537.600–610 (1978). Plaintiffs argue that the trial court erred in granting summary judgment because the complaint alleges nuisance which is a common law exception to the doctrine of sovereign immunity. We decline to determine whether sovereign immunity is waived in an action for personal injuries resulting from the creation of a nuisance because plaintiffs here have not pled a cause of action for nuisance.

## NUISANCE DEFINED

What constitutes nuisance is a question of law for the court. *Pearson v. Kansas City,* 55 S.W.2d 485, 489 (Mo.1932); *Rodgers v. Kansas City,* 327 S.W.2d 478, 486 (Mo.App.1959) *See Jones v. State Highway Comm'n,* 593 S.W.2d 580, 538 (Mo.App. 1979) (trial court correctly concluded as matter of law that evidence didn't support nuisance charge to jury). The facts must be construed in the light most favorable to the party against whom summary judgment was filed. *Brooks v. Cooksey,* 427 S.W.2d 498, 500 (Mo.1968); *Perkins v. Schicker,* 641 S.W.2d 432, 434 (Mo.App. 1982).

Negligence is the failure to exercise the degree of care required by the circumstances. *Pearson, supra* at 489. Nuisance rests not on the degree of care used, but on the degree of danger existing with the best of care. *Id.* Nuisance is the violation of the absolute duty to refrain from the acts, not merely the relative duty to exercise proper care in their performance. *Id.* at 490.

There must be

a degree of danger (likely to result in damage) *inherent in the thing itself,* beyond that arising from mere failure to

exercise ordinary care in its use before the question of a nuisance can properly be submitted to a jury.

*Id.* at 489. (Emphasis added).

This distinction has been upheld on numerous occasions. *See Hinds v. City of Hannibal,* 212 S.W.2d 401, 403 (Mo.1948); *Brown v. City of Craig,* 168 S.W.2d 1080, 1082 (Mo.1943); *Jones v. State Highway Comm'n,* 593 S.W.2d 580, 583 (Mo.App. 1979); *Rodgers,* 327 S.W.2d at 482 (Mo. App.1959).

An "inherently dangerous" condition, the hallmark of nuisance, is that danger which

> inheres in the instrumentality or condition itself, at all times, so as to require special precautions to be taken with regard to it to prevent injury; instead of danger arising from mere causal or collateral negligence of others with respect to it under particular circumstances.

*Brown,* 168 S.W.2d at 1082, *quoting, Hull v. Gillioz,* 130 S.W.2d 623, 628 (Mo.1939). This condition may arise either from original improper construction or such deterioration as to warrant the conclusion that an inherently dangerous condition is intentionally permitted to exist. *Pearson,* 55 S.W.2d at 489.

Claims of nuisance have been held to be in fact a cause of action for negligence in several cases where the plaintiff desired to pierce the veil of sovereign immunity. *See, e.g., Pearson,* 55 S.W.2d 485 (elevator shaft fall in police station claimed to result from poor lighting, worn elevator main staff, or worn latch on elevator door); *Brown,* 168 S.W.2d 1080 (prisoner burned in city jail claimed to result from careless construction and condition of jail); *Hinds,* 212 S.W.2d 401 (assault in city jail by police officer claimed to result from selection and retention by city of incompetent and vicious officer); *Jones,* 593 S.W.2d 580 (highway auto accident claimed to result from contour and condition of highway). *See also Metz v. Kansas City,* 81 S.W.2d 462 (Mo. App.1935) (auto accident claimed to result from concrete island in middle of street intersection). No inherent danger existed in these cases. *But see Rodgers,* 327 S.W.2d 478 (several test fires set and combustibles stored by city in building contiguous to plaintiff's store was held to be a nuisance).

## PLAINTIFFS FAILED TO PLEAD FACTS SUPPORTING CAUSE OF ACTION FOR NUISANCE

Here, allegations of nuisance by plaintiff are mere conclusions of law not supported by the facts alleged. The real basis of plaintiffs' claims is failure to exercise reasonable care, foresight and prudence.

An inherent danger in the erection or condition of the metal reflector stake itself is not shown. That the reflector buttons continually fall off, that the stakes are continually bent, that the Commission does not specifically inspect the stakes for repair and that the Commission specifically inspected the stake after it was struck, but did not make note of its condition, show at most that the accident was caused by the Commission's failure to use the proper degree of care. These allegations do not show an inherently dangerous condition which would cause damage regardless of the exercise of a reasonable degree of care.

The proper remedy was to replace the bent stake with a new stake, rather than refrain from constructing and maintaining the stakes. The stake itself is not an inherent danger. If this court were to hold otherwise, our highways would be littered with hundreds of thousands of nuisances.

We therefore hold that the real basis of plaintiffs' claims, as disclosed by the factual allegations of the complaint, is negligence, not nuisance. The doctrine of sovereign immunity bars all negligence against the Commission. Summary judgment in favor of the Commission is affirmed.

GAERTNER and KAROHL, JJ., concur.