**Joanne GAMACHE, Plaintiff-Appellant,**

v.

**MISSOURI HIGHWAY AND TRANS-
PORTATION COMMISSION,
Defendant-Respondent.**

**No. WD 37855.**

Missouri Court of Appeals,
Western District.

July 8, 1986.

Paul W. Johnson, Leritz, Reinert & Duree, St. Louis, for plaintiff-appellant.

Bruce A. Ring, Chief Counsel, Jefferson City, Tana K. Van Hamme, Asst. Counsel, Missouri Highway and Transp. Com'n, for defendant-respondent.

Before CLARK, C.J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Joanne Gamache filed suit against the Missouri Highway and Transportation Commission alleging that she was injured when she fell through a defective grating which covered a sewer opening on the shoulder of Interstate 70. The court granted the Commission's motion for summary judgment on the ground the cause of action was barred by sovereign immunity. Gamache contends the legislature amended two statutes in 1983 which revealed its intent to abolish the defense of sovereign immunity for this action and that even if sovereign immunity applies, the Commission is liable under a theory of nuisance. Affirmed.

Gamache alleged that on October 24, 1984 she was driving on Interstate 70 in St. Louis County when her car developed a flat tire. She started walking along the shoulder and alleged that she fell through the grating which covered a sewer opening because of the defective condition of the grating.

In 1985 § 537.600 was amended to eliminate the defense of sovereign immunity in the two instances specified in § 537.-600.1(1) & (2) whether or not the public entity was functioning in a governmental or proprietary capacity or was covered by liability insurance. Gamache concedes the amendment is not retroactive. This court so held in *Anderson v. State of Missouri,* 709 S.W.2d 893 (Mo.App.1986). Gamache relies on the amendment to § 105.711 and § 34.260 in 1983 to demonstrate that the legislature intended to abolish the defense of sovereign immunity for the operation of motor vehicles and for dangerous conditions of property. This contention was fully considered and answered adverse to Gamache in *Anderson.*

In addition to the argument considered in *Anderson,* Gamache points to the 1983 amendment to § 34.260 which inserted the phrase "or for dangerous conditions of property as defined in § 537.600, RSMo" after the provision relating to the procurement of liability insurance to cover motor vehicles, aircraft and marine vessels. In addition, Gamache draws attention to the language added to such section which states "the procurement of liability insurance or the adoption of a plan of self-insurance by the commissioner of administration shall not limit the express waiver of sovereign immunity...." Gamache argues the above additions to § 34.260, RSMo Cum. Supp.1984 gives clear evidence of the intent of the legislature to waive sovereign immunity in 1983. In addition to the reasons stated in *Anderson* for holding that the amendment to § 34.260 in 1983 did not abolish the defense of sovereign immunity, is the following statement in § 34.260: "[S]ections 34.260 to 34.275 shall not apply to the departments and agencies which, on September 28, 1973, provided motor vehicle liability insurance for their employees who operate state-controlled motor vehicles, aircraft, or marine vessels in the course of their employment, military duties, or scope of their agency." The commission states that it had liability insurance which covered its employees who operate state-controlled motor vehicles on September 28, 1973 and has maintained such insurance continuously since that time. Gamache does not deny this assertion. Gamache is not willing to concede that § 34.260 applies only to insurance for state controlled vehicles as held in *State ex rel. St. Louis Housing Authority v. Gaertner,* 695 S.W.2d 460, 463 (Mo. banc 1985). However even if it could be said that the holding in Gaertner is erroneous, the plain language of § 34.260 removed application of that section from departments which provided motor vehicle liability insurance on September 28, 1973. Such provision removes any possible application of that section to this case.

Gamache next contends that she pleaded a cause of action in nuisance and that sovereign immunity is not a defense to such cause of action. Gamache relies on *Jones v. State Highway Commission,* 593 S.W.2d 580 (Mo.App.1979), in which a suit sounding in nuisance was entertained against the commission. The *Jones* case was a retrial of *Jones v. State Highway Commission,* 557 S.W.2d 225 (Mo. banc 1977). In that

case the court, at 557 S.W.2d 231[11], abrogated the defense of sovereign immunity as to *Jones* and three other cases decided on the same day. Except for those four cases the defense of sovereign immunity was retained until the legislature passed § 537.600 in 1978. Thus *Jones* is not authority for the contention that sovereign immunity does not bar an action for nuisance.

█ In *Page v. Metropolitan St. Louis Sewer District*, 377 S.W.2d 348, 353[6] (Mo. 1964), the court held that the doctrine of governmental immunity would apply to protect a state agency from a suit grounded in nuisance. The court there distinguished cases which allowed suits in nuisance to be maintained against cities but held that nuisance suits were barred against an arm of the state government. The defense of sovereign immunity was available to the State Highway Commission as a bar to the court based on nuisance.

The judgment is affirmed.

All concur.