**Lydia M. KURZ, Appellant,**

v.

**CITY OF ST. LOUIS, Respondent.**

**No. 51090.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 23, 1986.

Hiram W. Watkins, Deborah L. Hellmann, Sullivan & Watkins, St. Louis, for appellant.

Stephen Joseph Kovac, James J. Wilson, David Richard Bohm, St. Louis, for respondent.

CRIST, Judge.

Plaintiff appeals the dismissal of her personal injury petition against the City of St. Louis, on the ground the City was protected by sovereign immunity. We affirm.

The Missouri Supreme Court abrogated the doctrine of sovereign immunity in 1977. *Jones v. State Highway Comm'n,* 557 S.W.2d 225 (Mo. banc 1977). The next year, in 1978, the legislature re-enacted sovereign immunity, §§ 537.600–610, RSMo (1978), which expressly waived the protection in automobile cases and in cases where injury was caused by the dangerous condition of public property. In 1983, the Missouri Supreme Court held these waivers of sovereign immunity to be conditioned upon the presence of liability insurance covering the claims. *Bartley v. Special School District,* 649 S.W.2d 864 (Mo. banc 1983). The legislature removed the insurance condition in 1985. § 537.600.2, RSMo (1985). This removal was non-retroactive. *Yount v. Board of Education,* 712 S.W.2d 455, 457 (Mo.App.1986).

Plaintiff was injured on May 4, 1984 in St. Louis City Hospital. She alleged her injuries were due to a dangerous condition at that hospital, specifically, a defective automatic door which struck her. In an interrogatory answer, the City denied the presence of any insurance coverage, and plaintiff's petition did not allege facts to the contrary. The petition was dismissed for failure to plead that condition of recovery. *Talley v. Missouri Highway and Transportation Comm'n*, 659 S.W.2d 290, 291–92 (Mo.App.1983).

Asserting it is unfair to deny her a recovery due to being injured in the period between the decision in *Bartley* in 1983, and the legislative removal of the insurance condition in 1985, plaintiff claims an amendment of § 34.260, RSMo (1978) occurring in 1983 abrogated sovereign immunity in the situations specified in § 537.-600(1), (2), RSMo (1978), without regard to the presence of liability insurance. As originally enacted, § 34.260, RSMo (1978) provided: "The state director of the division of purchasing *shall* procure ... motor vehicle, air craft, and marine liability insurance ...[.]" The statute was amended in 1983 to provide that "the commissioner of administration *may* procure" insurance for vehicles "or for the dangerous conditions of property as to defined in § 537.600, RSMo," and allowing the commissioner to self-insure the state against those perils. The amendment further provided the acquisition of this insurance would not limit express waivers of sovereign immunity, without regard to whether the entity was acting in a governmental or proprietary manner, or if it were insured. In the other situations covered by this section, or in other situations where insurance is obtained, sovereign immunity would be waived to the extent of such insurance, except that in situations other than those in § 537.600(1), (2), sovereign immunity would be retained if no insurance was procured. It is claimed this amendment destroyed any possible insurance condition to the waiver of sovereign immunity in § 537.600(1), (2), RSMo (1978). *See* Barvick *Sovereign Immunity—A Corpse That Will Not Stay Down*, 41 J. of Mo.Bar 293 (1983); *but see*

Venker, *Sovereign Immunity in Missouri: A Different Prospective on § 34.260.* 42 J. of Mo.Bar 81 (1986).

However, plaintiff has not informed us of how the amended statute destroys the insurance condition for waiver of sovereign immunity, especially in light of § 34.275, RSMo (1978), expressly providing that § 34.260 is not a waiver of sovereign immunity. Additionally, it appears the amended statute is irrelevant. *State ex rel. St. Louis Housing v. Gaertner*, 695 S.W.2d 460, 463 (Mo. banc 1985); *Anderson v. State*, 709 S.W.2d 893, 895[2] (Mo.App. 1986). As § 34.260 does not expand the waiver of sovereign immunity in §§ 537.-600–610, RSMo (1978), which includes the insurance condition to a waiver of sovereign immunity, it does not afford relief to this plaintiff. *See Anderson*, 709 S.W.2d at 895–96; *State ex rel. Missouri Highway and Transportation Comm'n v. Appelquist*, 698 S.W.2d 883, 892–95 (Mo.App. 1985) (on motion for rehearing); *see also Gamache v. Missouri Highway and Transportation Comm'n*, 712 S.W.2d 734, 735 (Mo.App.1986).

Judgment affirmed.

DOWD, P.J., and REINHARD, J., concur.