Paul T. Graham, Asst. Public Defender, Jefferson City, for appellant.

Gary L. Gardner, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, C.J., and TURNAGE and NUGENT, JJ.

CLARK, Chief Judge.

Appellant, an inmate in the custody of the Missouri Department of Corrections, was injured while operating a press brake machine on June 14, 1984 at the training center custodial facility at Moberly. He brought suit against the department, and also against vendors of the machine to the state, alleging that the machine was defective and dangerous and that the state had negligently supplied the machine for appellant's use and had negligently provided for misuse of the machine. The state moved for summary judgment on the ground of sovereign immunity from liability. The court granted the motion and this appeal followed.[1]

It is appellant's contention that his claim was not barred by the doctrine of sovereign immunity, and in particular, by the condition of existing liability insurance as an-

**Michael ASHER, Appellant,**

v.

**DEPARTMENT OF CORRECTIONS AND HUMAN RESOURCES, Respondent.**

**No. WD 38414.**

Missouri Court of Appeals, Western District.

Feb. 17, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 31, 1987.

---

1. The entry of summary judgment in favor of the Department of Corrections without disposition of the claims against the other defendants was appealable because designated a final judgment by the trial court pursuant to Rule 81.06.

nounced in *Bartley v. Special School District of St. Louis County*, 649 S.W.2d 864 (Mo. banc 1983), because a substitute for insurance was provided through the enactment of § 105.711, RSMo. 1986.[2] The last cited statute created the State Legal Expense Fund which, according to appellant, satisfies the condition expressed in *Bartley* that sovereign immunity of the state is waived under § 537.600 RSMo. 1978, in effect as of that time, only to the extent that liability insurance is available to the state or its agencies. Appellant's contention turns on the import of § 105.711 because it is undisputed that the Department of Corrections was otherwise uninsured when appellant sustained his injury.

The Missouri Supreme Court abolished the doctrine of sovereign immunity as it applied to state agencies in 1977, in *Jones v. State Highway Commission*, 557 S.W.2d 225 (Mo. banc 1977). The legislature responded the next year, in 1978, by passing §§ 537.600 and 537.610, RSMo., which reinstated sovereign immunity, with the two following exceptions: (1) in cases involving automobile accidents; and (2) in cases in which the injury was caused by a dangerous public property. The Supreme Court interpreted § 537.600, RSMo. 1978, as mandating waiver of sovereign immunity in the two instances specified in the statute only if the public entity was functioning in a governmental or proprietary capacity and only to the extent the entity was covered by liability insurance. *Bartley, supra* at 868. In 1985, the legislature then removed the insurance requirement for a waiver by amending § 537.600. Section 537.600.2, RSMo. 1986.

We are not concerned here with the effect of the 1985 amendment to § 537.600 because that change was adopted and became effective after appellant had sustained his injury. The change, relieving claimants of the restrictive interpretation as to the effective insurance coverage announced in *Bartley*, was not retrospective. *State ex rel. Webster v. McHenry*, 719 S.W.2d 849, 851 (Mo.App.1986). Appellant so concedes. Appellant does, however,

present the argument that essentially the same result was accomplished when the legislature enacted § 105.711, which was in effect at the time the present claim arose. S.B. 275, 82d Leg., 1st Sess., 1983 Laws, effective September 28, 1983.

Section 105.711, creates the State Legal Expense Fund which is available for payment of claims required by any final judgment rendered against the state, its agencies or employees, and particularly claims under §§ 537.600 and 537.610, RSMo. 1986, all subject to various limitations not material here. Appellant argues that the creation of the fund, extant at the times relevant to this case, met the requirement under *Bartley* for liability insurance and that sovereign immunity otherwise available to the Department of Corrections was waived.

At least four decisions were published in 1986 dealing with the sovereign immunity question and the effect upon *Bartley* of changes in §§ 537.600, 34.260 and 105.711, RSMo. 1986. The most closely aligned to the subject case on the facts is *State ex rel. Webster v. McHenry, supra*, in which a prison inmate was injured while using a power saw. That case is of no aid here, however, because the accident occurred before the effective date of § 105.711 and the statute did not operate retroactively. Other cases have dealt with accidents involving state motor vehicles and dangerous conditions on state property. *State ex rel. Missouri Highway & Transportation Commission v. Appelquist*, 698 S.W.2d 883 (Mo.App.1985); *Anderson v. State*, 709 S.W.2d 893 (Mo.App.1986); *Gamache v. Missouri Highway & Transportation Commission*, 712 S.W.2d 734 (Mo.App. 1986). All of these cases involved events predating the adoption of § 105.711 and may therefore be construed not to be directly authoritative on the contention raised by appellant here.

Notwithstanding this basis for decision in *Anderson* and, derivatively, in *Gamache*, the court did discuss an alternate ground for ruling adverse to the claimants if § 105.711 had been applicable. It was noted in *Anderson, supra* at 895 that con-

---

**2.** All references to § 105.711 are to RSMo. 1986 unless otherwise noted.

currently with the adoption of § 105.711, the legislature enacted § 105.726, RSMo. 1986. The last cited section provides:

"Nothing in sections 105.711 to 105.726 shall be construed to broaden the liability of the state of Missouri beyond the provisions of sections 537.600 to 537.610 RSMo., nor to abolish or waive any defense at law which might otherwise be available to any agency, officer, or employee of the state of Missouri."

As *Anderson* and *Gamache* point out, the above enactment prohibits any judicial construction of § 105.711 which would impose liability contrary to the holding in *Bartley.*

A recent case from the Eastern District is in accord with this holding. In *Kurz v. City of St. Louis,* 716 S.W.2d 911 (Mo.App. 1986), the plaintiff was injured in St. Louis City Hospital when she was struck by a defective automatic door. She relied on the amended § 34.260, RSMo. 1986, as abrogating the liability insurance requirement of *Bartley.* The court pointed to § 34.275, RSMo. 1986 which, in terms much like those employed in § 105.726, RSMo. 1986 directs that §§ 34.260 to 34.275, RSMo. 1986, not be construed as a waiver of sovereign immunity or the acknowledgement of liability on the part of the state.

The conclusion must be that appellant here, and others similarly situated whose claims arose between the *Bartley* decision in 1983 and the effective date of § 537.600.-2, RSMo. 1986, (September 28, 1985), are not aided in meeting the insurance requirement of *Bartley* by recourse to §§ 34.260 or 105.711, RSMo. 1986.

The judgment is affirmed.

All concur.