Lester SANDERSON, Jr.,
Plaintiff-Appellant,

v.

The CINCINNATI SHAPER COMPANY,
INC., et al., Defendant-Respondent.

No. 51591.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 17, 1987.

Claude Hanks, St. Louis, for plaintiff-appellant.

Louis W. Riethmann, St. Louis, for John R. Wald Co., Inc.

Gary L. Gardner, Columbia, for Missouri Training Center for Men and Carl White.

William W. Evans, St. Louis, for The Cincinnati Shaper Co., Inc.

PER CURIAM.

Lester Sanderson, Jr. (Plaintiff) appeals from the grant of summary judgment in favor of the Missouri Training Center for Men (Training Center) based on sovereign immunity. We affirm.

Plaintiff was an inmate at the Training Center. On November 9, 1981, he was operating a press brake machine when the ram came down on plaintiff's hand, severing four fingers of his left hand. Plaintiff brought an action for negligence against The Cincinnati Shaper Company, Inc., a/k/a Cincinnati Incorporated (the manufacturer of the machine), John R. Wald Company, Inc., (the machine's distributor and installer) and against the Training Center and Warden Carl White for allowing the machine to be installed without safety features and/or not requiring proper safety measures.

The Training Center moved for summary judgment on the ground, *inter alia,* that it possessed sovereign immunity from liability because on the date of Plaintiff's injury the Training Center did not carry liability insurance and therefore no waiver of sovereign immunity under Missouri law could apply. The trial court sustained that motion.

In order for plaintiff to prevail in this appeal, it is necessary to apply § 537.600.2 RSMo Supp.1985 retroactively. We decline to do so in view of *Yount v. Bd. of Educ. for City of St. Louis,* 712 S.W.2d 455 (Mo. App.1986); *Anderson v. State,* 709 S.W.2d 893, (Mo.App.1986); and *State ex rel Missouri Highway and Transportation Commission v. Appelquist,* 698 S.W.2d 883 (Mo.App.1985), which all hold that § 537.-600.2 is not retroactive.

An extended opinion would have no precedential value. The judgment is affirmed pursuant to Rule 84.16(b).