Monica MILLER, a minor, By and Through Stanley R. MILLER, her parent and natural guardian, Appellant,

v.

STATE of Missouri, Respondent.

No. 52450.

Missouri Court of Appeals, Eastern District, Division One.

June 23, 1987.

Randy M. Smith, James B. Herd, Deeba, Sauter & Herd, St. Louis, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Ruth A. Przybeck, Asst. Atty. Gen., St. Louis, for respondent.

CRIST, Judge.

Plaintiff appeals from a summary judgment finding the state of Missouri not liable, by reason of sovereign immunity, for the alleged wrongful death of her mother (decedent) on February 20, 1984. We affirm.

Decedent was admitted, as a voluntary patient, to St. Louis State Hospital in April 1983. On December 14, 1983, decedent, on the recommendation of her treatment team, transferred to CARES House, Inc., a privately owned less restrictive mental treatment facility. While at CARES House decedent jumped or fell to her death from a second-story window that was not equipped with steel bars or heavy gage mesh screens. Plaintiff alleges decedent's death was due to the negligence of the persons operating CARES House, and that CARES House was public entity property because it was being operated on behalf of the state.

Plaintiff argues that sovereign immunity was statutorily waived. Decedent died in 1984. At the time of her death the applicable law was that of § 537.600, RSMo 1978, as interpreted by *Bartley v. Special School Dist. of St. Louis County*, 649 S.W.2d 864 (Mo. banc 1983). The 1985 statutory changes to the law of sovereign immunity are not retroactive. *Yount v. Board of Educ. for City of St. Louis*, 712 S.W.2d 455, 457[3] (Mo.App.1986). Section 34.260, RSMo 1986, allowing the state to get insurance or to self-insure dangerous conditions does not ameliorate the harshness of *Bartley*. *Kurz v. City of St. Louis*, 716 S.W.2d 911, 912 (Mo.App.1986).

Under *Bartley* there was a waiver of sovereign immunity under §§ 537.600 and 537.610, RSMo 1978, only if the governmental entity was insured *and* one of the exceptions enumerated in § 537.600 applied. Plaintiff bases her claim of waiver on § 537.600(2), the exception for public property.

CARES House was privately owned and maintained. Although the state did pay for decedent's care while she was at CARES House, the state had no direct control over her care, and those who provided the care were not state employees. The state, in its contract with CARES House, specifically required it as a community placement facility to carry insurance. Decedent visited more than one facility before deciding to go to CARES House, and she was free to accept or reject any possible placement. CARES House was not public entity property. *See J.C. Nichols Co. v. City of Kansas City*, 639 S.W.2d 886, 893 (Mo.App.1982) (public purpose is one that benefits the community as a whole more than any specific individual).

Even if we were to accept plaintiff's argument that CARES House was an extention of the state hospital, operated for the benefit of the state and thus state property, *Bartley* requires ownership plus insurance. The state had no applicable liability insurance. The State Legal Expense Fund established in 1983, § 105.711, RSMo 1986, does not satisfy the insurance requirement of *Bartley*. The section does not impose liability on an uninsured governmental entity that, as here, is otherwise protected by sovereign immunity. *Anderson v. State*, 709 S.W.2d 893, 895[3] (Mo.App.1986).

For there to have been a waiver of sovereign immunity, decedent must have died on public property and there had to have been insurance for such an occurrence. CARES House was a privately owned treatment facility and the state was uninsured. There was no waiver of sovereign immunity.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.