Robert F. Ritter, St. Louis, for petitioner/appellant.

Jeffry S. Thomsen, St. Louis, for defendant/respondent.

**Montel HARRIS, A Minor, By and Through his next friend, Veatress M. HARRIS, Petitioner/Appellant,**

v.

**ST. LOUIS HOUSING AUTHORITY, Defendant/Respondent.**

**No. 52196.**

Missouri Court of Appeals, Eastern District, Division One.

Nov. 24, 1987.

SATZ, Presiding Judge.

Montel Harris, by his next friend Veatress Harris, sued defendant St. Louis Housing Authority, alleging he suffered personal injury as a result of a dangerous condition on defendant's property. The trial court granted defendant's motion to dismiss. Plaintiff appeals. We affirm.

In an affidavit attached to defendant's motion to dismiss, defendant's attorney stated defendant's liability insurance carrier was in receivership, and, consequently, defendant had no liability insurance to cover plaintiff's claim.[1] This lack of insurance coverage, defendant claims, is a sufficient basis on which to invoke the protection of

---

1. We take the affidavit as it stands. Neither party raised or addressed the issue of whether any funds would be available during or after this receivership.

sovereign immunity and, thus, bar plaintiff's claim. We agree.

After the judicial abrogation of sovereign immunity in *Jones v. State Highway Comm'n.*, 557 S.W.2d 225 (Mo. banc 1977), the legislature reenacted sovereign immunity with certain exceptions. § 537.600–610, RSMo. (1978). Under the statute, sovereign immunity is waived only in automobile cases and in cases involving injury caused by a dangerous condition of public property. *Id.* However, sovereign immunity is waived in these two areas only to the extent the public entity has liability insurance to cover claims as they arise. *Bartley v. Sp. Sch. Dist. of St. Louis Cty.*, 649 S.W.2d 864, 870 (Mo. banc 1983). In 1985 our legislature amended § 537.600 to provide that sovereign immunity is always waived in these two areas without regard to the existence of liability insurance coverage. § 537.600.2 RSMo. (Supp.1987).

Plaintiff filed his suit in 1982. The 1985 amendment is not retroactive, thus, it is not applicable to the current claim. *Kurz v. City of St. Louis*, 716 S.W.2d 911 (Mo.App. 1986); *Yount v. Bd. of Educ. for City of St. Louis*, 712 S.W.2d 455, 457 (Mo.App. 1986). We apply the 1978 version of the statute to plaintiff's claim. *Kurz, supra.*

Under that version, sovereign immunity is waived only to the extent the public entity has liability insurance coverage. *Bartley, Supra.* at 870. This plaintiff cannot recover unless he alleges and proves facts showing the presence of liability insurance covering his claim. *Kurz, Supra.* at 912. Plaintiff cannot prove the presence of such insurance because defendant's insurer is insolvent.

Plaintiff alternately argues that, under § 537.610, sovereign immunity is waived by the mere purchase of liability insurance, regardless of whether the insurer subsequently becomes insolvent. We disagree.

The issue is not the purchase but the presence of insurance coverage. *See Kurz, Supra.* The legislature, in passing § 537.600 and § 537.610, intended to "balance the need for protection of government funds against a desire to allow redress for claimants injured in limited classes of acci-

dents." *Bartley v. Sp. Sch. Dist. of St. Louis Cty.*, 649 S.W.2d 864, 869 (Mo. banc 1983). Allowing plaintiff to recover when the insurer is insolvent and unable to pay the claim provides no protection for government funds and may result in insolvency of the public entity or in increased tax burdens. *See Winston v. Reorganized School Dist. R–2*, 636 S.W.2d 324, 328 (Mo. banc 1982).

Because defendant has no insurance funds available to satisfy any judgment that might be rendered against it in this action, the circuit court properly dismissed plaintiff's petition.

Judgment affirmed.

KELLY and CRIST, JJ., concur.