**STATE of Missouri, ex rel. MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION Relator,**

v.

**The Honorable J. Brendan RYAN, Judge of the Circuit Court of the City of St. Louis, Respondent.**

No. 53297.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 24, 1987.

Motion for Rehearing and/or Transfer Denied Dec. 31, 1987.

Richard L. Tiemeyer, Jefferson City, for relator.

James M. Martin, St. Louis, for respondent.

SATZ, Presiding Judge.

This is an action in prohibition. In the underlying suit, plaintiffs alleged their decedent was killed due to a dangerous condition on public property maintained by defendant Missouri Highway and Transportation Commission (Commission). The Commission moved for summary judgment on the grounds that plaintiffs' suit was barred by sovereign immunity. The Commission supplemented its motion with an affidavit stating liability insurance had not been purchased for the claim at issue. No counter-affidavits were filed. Respondent circuit judge denied the Commission's motion for summary judgment. The Commission as relator filed this prohibition action.

Our Supreme Court abrogated sovereign immunity in 1977. *Jones v. State Highway Comm'n.*, 557 S.W.2d 225 (Mo. banc 1977). The legislature reenacted sovereign immunity with certain exceptions. § 537.600–610 RSMo. (1978).[1] Under the statute, sovereign immunity is waived in automobile cases and cases involving injury caused by a dangerous condition of public property. *Id.* Our Supreme Court interpreted § 537.600 and § 537.610 to mean sovereign immunity is waived only in the two areas mentioned in § 537.600 and then only to the extent the public entity acquires insurance for such purpose. *Bartley v. Sp. Sch. Dist. of St. Louis Cty.*, 649 S.W.2d

---

1. § 537.600 states:

Such sovereign or governmental tort immunity as existed at common law in this state prior to September 12, 1977, except to the extent waived, abrogated or modified by statutes in effect prior to that date, shall remain in full force and effect except that, the immunity of the public entity from liability and suit for compensatory damages for negligent acts or omissions is hereby expressly waived in the following instances:

(1) Injuries directly resulting from the negligent acts or omissions by public employees arising out of the operation of motor vehicles within the course of their employment;

(2) Injuries caused by the condition of a public entity's property if the plaintiff established that the property was in dangerous condition at the time of the injury, that the injury directly resulted from the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred, and that either a negligent or wrongful act or omission of any employee of the public entity within the course of his employment created the dangerous condition or a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

§ 537.610 states:

1. The commissioner of administration, through the purchasing division, and the governing body of each political subdivision of this state, notwithstanding any other provision of law, may purchase liability insurance for tort claims made against the state or the political subdivision, but the maximum amount of such coverage shall not exceed eight hundred thousand dollars for all claims arising out of a single occurrence and shall not exceed one hundred thousand dollars for any one person in a single accident or occurrence, except for those claims governed by the provisions of the Missouri workmen's compensation law, chapter 287, RSMo., and no amount in excess of the above limits shall be awarded or settled upon. Sovereign immunity for the state of Missouri and its political subdivisions is waived only to the maximum amount of and only for the purposes covered by such policy of insurance purchased pursuant to the provisions of this section and in such amount and for such purposes provided in any self insurance plan duly adopted by the governing body of any political subdivision of the state.

2. The liability of the state and its public entities on claims within the scope of this act shall not exceed eight hundred thousand dollars for all claims arising out of a single accident or occurrence and shall not exceed one hundred thousand dollars for any one person in a single accident or occurrence, except for those claims governed by the provisions of the Missouri workmen's compensation law, chapter 287, RSMo.

3. No award for damages on any claim against a public entity within the scope of this act shall include punitive or exemplary damages.

4. If the amount awarded to or settled upon multiple claimants exceeds eight hundred thousand dollars, any party may apply to any circuit court to apportion to each claimant his proper share of the total amount limited by subsection 1 of this section. The share apportioned each claimant shall be in the proportion that the ratio of the award or settlement made to him bears to the aggregate awards and settlements for all claims arising out of the accident or occurrence, but the share shall not exceed one hundred thousand dollars.

864, 870 (Mo. banc 1983). In 1985, the legislature amended § 537.600, making clear sovereign immunity is waived in the two situations provided for whether the public entity is covered by liability insurance or not. § 537.600.2 RSMo. (1986).[2]

However, the 1985 amendment is not retroactive in its application. *See State ex rel. Missouri Highway Comm. v. Appelquist,* 698 S.W.2d 883, 897 (Mo.App.1985). Claims arising after 1978 when § 537.600 and § 537.610 were passed and before the effective date of the 1985 amendment are subject to the *Bartley* interpretation of § 537.600. *Kurz v. City of St. Louis,* 716 S.W.2d 911 (Mo.App.1986); *Yount v. Bd. of Educ. for City of St. Louis,* 712 S.W.2d 455, 457 (Mo.App.1986). The plaintiff in the underlying suit was injured in May 1980 and thus his claim is governed by the rule in *Bartley* that sovereign immunity is waived only if a public entity has liability insurance. *See, e.g., Kurz, supra.*

Respondent circuit judge erred in not granting the Commission's motion for summary judgment on proof the Commission did not have liability insurance to cover plaintiff's claim.

Normally, we are reluctant to use the writ of prohibition to review a denial of summary judgment. We have done so, however, where refusal to utilize the writ will compel a party to undergo a clearly unwarranted and useless litigation. *See, e.g., State ex rel. O'Blennis v. Adolf,* 691 S.W.2d 498, 500 (Mo.App.1985). Such is the care here.

The writ of prohibition is made absolute prohibiting respondent from further proceeding. Respondent is directed to grant defendant's motion for summary judgment.

SMITH and STEPHAN, JJ., concur.

---

**2.** 537.600.2 states:

The express waiver of sovereign immunity in the instances specified in subdivisions (1) and (2) of subsection 1 of this section are absolute waivers of sovereign immunity in all cases with-

in such situations whether or not the public entity was functioning in a governmental or proprietary capacity and whether or not the public entity is covered by a liability insurance for tort.