**Francis McCRORY and Patricia McCrory, Appellants,**

v.

**MISSOURI HIGHWAY AND TRANS-PORTATION COMMISSION, Respondent.**

**No. WD 40316.**

Missouri Court of Appeals, Western District.

July 12, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 30, 1988.

John T. Bruere, Timothy A. Graham, St. Charles, for appellants.

Rich Tiemeyer, Gregory W. Schroeder, Paul R. Sterrett, Jefferson City, for respondent.

Before SHANGLER, P.J., and LOWENSTEIN and GAITAN, JJ.

GAITAN, Judge.

The plaintiffs-appellants, Francis and Patricia McCrory, seek to reverse the decision of the trial court which granted a summary judgment against them. The issue involved is whether the defendant-respondent Highway and Transportation Commission is protected by sovereign immunity for dangerous conditions on public property. We reverse and remand.

On or about October 29, 1986, after dusk, plaintiffs were lawfully operating a motor vehicle in a westerly direction on Highway 54, a two lane public street and highway in Pike County, owned and maintained by the State of Missouri. Whereupon plaintiff, Francis McCrory, had to swerve to the right in order to avoid a barricade placed in plaintiffs' lane by defendant, its servants, agents or employees. Injuries suffered by plaintiffs are alleged to be a direct result of their having to swerve to avoid the barricade.

Thereafter, on June 3, 1987, plaintiffs filed suit against the defendant. The petition alleges that the injuries suffered by plaintiffs directly resulted from the dangerous condition of the public road caused by the placement of the barricade. It further alleges that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which plaintiffs suffered. The petition further alleges a variety of negligent acts or omissions committed by the defendant, its agents, servants or employees which created, or contributed to the creation of, the dangerous condition which allegedly caused plaintiffs' injuries.

Defendant's attorney entered an appearance on its behalf and pursuant to Rule 51.02, Supreme Court Rules of Civil Procedure, the parties agreed to the removal of the cause of action from the Circuit Court of Pike County to the Circuit Court of Cole County, which is a court of competent jurisdiction and proper venue for defendant, Missouri Highway and Transportation Commission. In August of 1987, defendant filed its motion to dismiss, motion for summary judgment, and alternative motion to strike damages. In due course, plaintiffs filed their response to defendant's motions, and oral arguments were heard on December 21, 1987.

On January 15, 1988, the Circuit Court of Cole County entered its order granting defendant's motion for summary judgment based upon the sovereign immunity of the Missouri Highway and Transportation Commission. The circuit court denied all other motions filed by the defendant. The court held that § 537.610.1 (RSMo 1978)[1]

---

1. Section 537.610.1 provides:

1. The commissioner of administration, through the purchasing division, and the governing body of each political subdivision of this state, *notwithstanding any other provision of law,* may purchase liability insurance for tort claims made against the state or the political subdivision, but the maximum amount of such coverage shall not exceed eight hundred thousand dollars for all claims arising out of a single occurrence and shall not exceed one hundred thousand dollars for any one person in a single accident or occurrence, except for those claims governed by the provisions of the Missouri workers' compensation law, chapter 287, RSMo, and no amount in excess of the above limits shall be awarded or settled upon. *Sovereign immunity for the state of Missouri and its political subdivisions is waived only to the maximum amount of and only for the purposes covered by such policy of insurance purchased pursuant to the provisions of this section and in such*

controlled and plaintiffs were therefore unable to state a viable claim against defendant. On that basis, it granted defendant's motion for summary judgment stating that because defendant is uninsured, it is therefore immune to claims based on § 537.600.1(2) (RSMo 1985). This was error.

 The Missouri legislature removed any doubt regarding the express waiver of sovereign immunity when it amended § 537.600, effective September 28, 1985. The amendment added § 537.600.2 which states: "The express waiver of sovereign immunity in the instances specified in subdivisions (1) and (2) of subsection 1 of this section are absolute waivers of sovereign immunity in all cases within such situations whether or not the public entity was functioning in a governmental or proprietary capacity and whether or not the public entity is covered by a liability insurance for tort." *See Asher v. Department of Corrections,* 727 S.W.2d 155 (Mo.App.1987); *Sanderson v. Cincinnati Shaper Co. Inc.,* 725 S.W.2d 931, 932 (Mo.App.1987); *Kurz v. City of St. Louis,* 716 S.W.2d 911, 911 (Mo.App.1986); *Gamache v. Missouri Highway and Transportation Commission,* 712 S.W.2d 734, 735 (Mo.App.1986). The holdings in each case recognize that § 537.600.2 eliminates the purchase of insurance as a condition to the waiver of sovereign immunity in those instances specified in § 537.600.1(1) and (2).[2]

The provisions of a single legislative act must be construed and considered together and, if possible, all provisions must be harmonized and every clause given some meaning. *Harrison v. MFA Mutual Insurance Company,* 607 S.W.2d 137, 144 (Mo. banc 1980). However, where the legislature enacts two laws on the same subject that are irreconcilable, the newer law has the effect of repealing the older one. *Bartley v. Special School District of St. Louis County,* 649 S.W.2d 864, 867 (Mo. banc 1983). With that objective in mind, we find that § 537.610 (RSMo 1978) is repealed to the extent it would apply to the provisions of § 537.600.1(1) and (2) (RSMo 1985). It is clear that the 1985 amendment expressly waives sovereign immunity notwithstanding insurance. This interpretation repeals only that portion of § 537.610.1 that applies to 537.600.1(1) and (2).

The judgment of the trial court is reversed and this matter is remanded for trial.

All concur.

---

*amount and for such purposes provided in any self-insurance plan duly adopted by the governing body of any political subdivision of the state.*

**2.** Section 537.600.1 provides:

1. Such sovereign or governmental tort immunity as existed at common law in this state prior to September 12, 1977, except to the extent waived, abrogated or modified by statutes in effect prior to that date, shall remain in full force and effect; except that, the immunity of the public entity from liability and suit for compensatory damages for negligent acts or omissions is hereby expressly waived in the following instances:

(1) Injuries directly resulting from the negligent acts or omissions by public employees arising out of the operation of motor vehicles or motorized vehicles within the course of their employment;

(2) Injuries caused by the condition of a public entity's property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury directly resulted from the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred, and that either a negligent or wrongful act or omission of an employee of the public entity within the course of his employment created the dangerous condition or a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition. In any action under this subdivision wherein a plaintiff alleges that he was damaged by the negligent, defective or dangerous design of a highway or road, which was designed and constructed prior to September 12, 1977, the public entity shall be entitled to a defense which shall be a complete bar to recovery whenever the public entity can prove by a preponderance of the evidence that the alleged negligent, defective, or dangerous design reasonably complied with highway and road design standards generally accepted at the time the road or highway was designed and constructed.