Clarence M. WILKES and Karin Wilkes, Plaintiffs–Appellants,

v.

MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Defendant–Respondent.

No. 70466.

Supreme Court of Missouri,
En Banc.

Dec. 13, 1988.

Rehearing Denied Jan. 17, 1989.

Robert K. Ball, II, Kansas City, Theodore P. Barnes, Independence, for plaintiffs-appellants.

Robert N. Adams, Asst. Counsel, Earl H. Schrader, Jr., Dist. Counsel, Rich Tiemeyer, Chief Counsel, Kansas City, for defendant-respondent.

JAMES K. PREWITT, Special Judge.

Plaintiffs sought damages from defendant as a result of personal injuries to plaintiff Clarence M. Wilkes on March 10, 1984. Plaintiffs' petition alleged that he was injured on a Missouri highway under the "charge" of defendant when a motor vehicle he was operating came into contact with an icy spot upon a flooring of the bridge, collided with the bridge rail, and left the bridge.

Plaintiffs claimed in their petition that the bridge was so situated that an operator of a motor vehicle had no notice of it until almost upon it, and thus it constituted a dangerous condition. The petition also said that defendant was negligent in failing to erect signs warning of the danger of the bridge being icy or warning drivers to reduce their speed when approaching the bridge; and that the roadway and bridge were negligently constructed because they posed a danger to motorists by reason of a curve in the road just before the bridge.

Defendant filed a motion for summary judgment contending that it was immune from liability and suit by reason of sovereign immunity. After hearing, the trial court sustained the motion and entered judgment in favor of defendant. Plaintiffs appealed to the Court of Appeals, Western District. By order that district transferred the appeal here.

In *Jones v. State Highway Commission,* 557 S.W.2d 225 (Mo. banc 1977), this Court abrogated sovereign immunity prospectively as to all claims arising on or after August 15, 1978. The legislature then enacted § 537.600, RSMo 1978, effective August 13, 1978. Generally, under that statute sovereign immunity was reinstated with two exceptions, torts arising out of governmental operation of motor vehicles, and dangerous conditions of government-owned property, when liability insurance covering those claims had been acquired. *See Bartley v. Special School District of St. Louis County,* 649 S.W.2d 864, 868, 870 (Mo. banc 1983); § 537.610, RSMo 1986.

Thereafter § 537.600 was amended, effective September 28, 1985. *See* § 537.600, RSMo 1986. In *Donahue v. City of St. Louis,* 758 S.W.2d 50 (Mo. banc 1988), this Court determined that this section now waives sovereign immunity as to negligent, defective or dangerous design of a highway or road. Donahue held that whether the public entity involved was covered by liability insurance is no longer an issue. Plaintiffs rely on § 537.600, RSMo 1986, contending that it should be applied retroactively. If it is to be applied retroactively,

then *Donahue* controls and the judgment must be reversed.

■ A statutory provision that is remedial or procedural operates retrospectively unless the legislature expressly states otherwise. *Vaughan v. Taft Broadcasting Co.,* 708 S.W.2d 656, 661 (Mo. banc 1986). See also *State ex rel. Research Medical Center v. Peters,* 631 S.W.2d 938, 941 (Mo. App.1982).

Procedural law prescribes a method of enforcing rights or obtaining redress for their invasion; substantive law creates, defines and regulates rights; the distinction between substantive law and procedural law is that substantive law relates to the rights and duties giving rise to the cause of action, while procedural law is the machinery used for carrying on the suit. *Shepherd v. Consumers Cooperative Association,* 384 S.W.2d 635, 640 (Mo. banc 1964); *Robinson v. Heath,* 633 S.W.2d 203, 205 (Mo.App.1982).

■ An act abrogating sovereign immunity does not create a new cause of action but provides a remedy for a cause of action already existing for which redress could not be had because of the immunity. *Bockelman v. State, Dept. of Transportation,* 366 N.W.2d 550, 552 (Iowa 1985); *Dinsky v. Town of Framingham,* 386 Mass. 801, 438 N.E.2d 51, 53 (1982). See also *Wetherell v. Boston Mutual Life Insurance Co.,* 18 Mass.App.Ct. 614, 469 N.E.2d 68, 71 (1984).

As presently enacted, § 537.600 provides a remedy for a cause of action whose remedy was previously barred so it is procedural or remedial. As such, it does not violate Mo. Const. Art. I, § 13, which forbids the enactment of a retrospective law which impairs a vested right. *Peters,* supra, 631 S.W.2d at 941.

■ Section 537.600, RSMo 1986, is retroactive and applies to plaintiffs' claim. To the extent they indicate otherwise, *Lamar v. City of St. Louis,* 746 S.W.2d 160 (Mo. App.1988), *Aylward v. Baer,* 745 S.W.2d 692 (Mo.App.1987); *State ex rel. Missouri Highway and Transportation Commission v. Ryan,* 741 S.W.2d 828 (Mo.App.

1987); *Harris v. St. Louis Housing Authority*, 740 S.W.2d 387 (Mo.App.1987); *Miller v. State*, 731 S.W.2d 885 (Mo.App. 1987); *Sanderson v. Cincinnati Shaper Co., Inc.*, 725 S.W.2d 931 (Mo.App.1987); *State ex rel. Webster v. McHenry*, 719 S.W. 2d 849 (Mo.App.1986); *Kurz v. City of St. Louis*, 716 S.W.2d 911 (Mo.App.1986); *Yount v. Bd. of Educ. for City of St. Louis*, 712 S.W.2d 455 (Mo.App.1986), overruled on other grounds, *Speck v. Union Electric Co.*, 731 S.W.2d 16, 20 n. 2 (Mo. banc 1987); *Anderson v. State*, 709 S.W.2d 893 (Mo.App.1986); and *State ex rel. Missouri Highway and Transportation Commission v. Appelquist*, 698 S.W.2d 883 (Mo.App.1985), should not be followed.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

BILLINGS, C.J., and BLACKMAR, WELLIVER, ROBERTSON, RENDLEN, and HIGGINS, JJ., concur.

DONNELLY, J., not sitting.