**Tammy Renay (Box) HOSKINS, Respondent,**

v.

**Steven Dale BOX, Appellant.**

**No. WD 59313.**

Missouri Court of Appeals, Western District.

Sept. 25, 2001.

Kenneth C. Hensley, Raymore, for appellant.

Kristin Burks, Kansas City, for respondent.

Before ROBERT G. ULRICH, Presiding Judge, PATRICIA BRECKENRIDGE and JOSEPH M. ELLIS, Judges.

ELLIS, Judge.

Father, Steven Dale Box, filed a motion to modify his decree of dissolution, seeking visitation with his two minor sons. Mother, Tammy Renay Box, filed a motion to dismiss for failure to state a claim upon which relief could be granted. The circuit court sustained Mother's motion and dismissed Father's motion to modify. Father appeals.

Father and Mother's marriage was dissolved in January 1994. Prior to the dissolution, on April 6, 1993, Father pled guilty to felony child abuse, § 568.060, RSMo 1994, for crimes against his youngest son. He was placed on five years probation. As special terms to his probation, Father was prohibited from having any contact with his children and ordered to complete sexual offenders counseling. In the subsequent dissolution decree, Father was also prohibited from having any contact with his children.

Father was released from probation on June 2, 1998. During the 1998 legislative session, § 452.400.1, RSMo 1994, was amended. The amendment became effective on August 28, 1998. Prior to the amendment, courts were only required to deny visitation to non-custodial parents who had pled guilty to or been convicted of certain sex crimes enumerated in Chapter 566, RSMo, or incest, § 568.020, RSMo, when the child was the victim. All other parents could not be denied visitation unless it was determined, after a hearing,

that "visitation would endanger the child's physical health or impair his emotional development." § 452.400.1, RSMo 1994. The 1998 amendment, however, required courts to deny visitation to non-custodial parents who had pled guilty to or been convicted of felony child abuse. § 452.400.1, RSMo Cum.Supp.1998. The amended portion of § 452.400, RSMo Cum. Supp.1998, reads as follows:

> The court shall not grant visitation to the parent not granted custody if such parent has been found guilty of or pled guilty to a felony violation of chapter 566, RSMo,[1] when the child was the victim, *or a violation of chapter 568, RSMo,*[2] except for section 568.040, RSMo,[3] when the child was the victim. . . .

More than a year after he was released from probation, on December 28, 1999, Father filed a motion to modify seeking visitation. Mother filed a motion to dismiss, alleging that the 1998 amendment to § 452.400 prohibited the circuit court from granting visitation rights to Father. The circuit court dismissed Father's motion to modify. Father brings one point on appeal.

Father contends that the trial court erred in dismissing his motion to modify because he had a substantive right to seek visitation with his children prior to the 1998 amendment because "Article 1, § 13 of the Missouri Constitution prohibits the enactment of a law that is retrospective in operation." He argues that the trial court erred in applying the amended version of § 452.400 retroactively, because when father pled guilty to felony child abuse in

---

**1.** Sexual offenses, including rape, sodomy and child molestation.

**2.** Offenses against the family, including incest, child abuse and endangering the welfare of a child.

**3.** Criminal nonsupport.

1993, such a conviction was not a bar to visitation.

■■■■ "When reviewing the trial court's grant of a motion to dismiss, we solely look at the adequacy of the plaintiff's petition and whether it states any ground for relief." *State v. Carroll Care Ctrs.*, 11 S.W.3d 844, 849 (Mo.App. W.D.2000). All facts pleaded in the petition are treated as true, and the non-moving party is given the benefit of all reasonable inferences. *Id.* "Where the trial court does not state a basis for its dismissal, we presume that dismissal was based on the grounds stated in the motion to dismiss and will affirm if dismissal was appropriate on any ground stated in the motion to dismiss." *Id.*

■■■■ Article 1, Section 13, of the Missouri Constitution states that "no ex post facto law, nor law . . . retrospective in its operation can be enacted." *In re S.L.J.*, 3 S.W.3d 902, 905 (Mo.App. S.D.1999). Accordingly, the presumption is that statutes operate prospectively. *Id.* There are two exceptions to this general rule: " '(1) where the legislature manifests a clear intent that the statute act retroactively, and, (2) where the statute is solely procedural or remedial and does not affect the substantive rights of the parties.' " *Id.* (quoting *Jones v. Mo. Dep't of Soc. Serv.*, 966 S.W.2d 324, 327 (Mo.App. E.D.1998)).

■■■■ The Legislature did not demonstrate a clear intent that § 452.400, RSMo Cum.Supp.1998, should apply retroactively. Therefore, the issue is whether the statute affects substantive rights. " '[S]ubstantive law relates to the rights and duties giving rise to the cause of action. . . .' " *Id.* at 906 (quoting *Pierce v. Mo. Dep't of Soc. Serv.*, 969 S.W.2d 814, 822 (Mo.App. W.D.1998)) (quoting *Wilkes v. Mo. Highway and Transp. Comm'n*, 762 S.W.2d 27, 28 (Mo. banc 1998)). " '[A] statute is procedural or remedial in nature if it prescribes a meth-

od of enforcing rights or obtaining redress for their invasion. . . .' " *Id.* (quoting *Pierce*, 969 S.W.2d at 822) (quoting *Wilkes*, 762 S.W.2d at 28). In comparison, "[s]ubstantive statutes take away or impair vested rights acquired under existing law, or create a new obligation or impose a new duty." *Id.* (quoting *Brennecka v. Dir. of Revenue*, 855 S.W.2d 509, 511 (Mo.App. W.D.1993)).

■■■■ The Missouri Supreme Court has defined "vested" as "fixed, accrued, settled or absolute." *La–Z–Boy Chair Co. v. Dir. of Econ. Dev.*, 983 S.W.2d 523, 525 (Mo. banc 1999). "A vested right 'must be something more than a mere expectation based upon an anticipated continuance of the existing law. It must have become a title, legal or equitable, to the present or future enjoyment of property or to the present or future enjoyment of the demand.' " *Mo. Nat'l. Educ. Ass'n v. Mo. State Bd. of Educ.*, 34 S.W.3d 266, 285 (Mo.App. W.D.2000) (quoting *M & P Enter. Inc. v. Transamerica Fin. Servs.*, 944 S.W.2d 154, 160 (Mo. banc 1997)). A statute is retroactive " 'only when it is applied to rights acquired prior to its enactment.' " *Stewart v. Sturms*, 784 S.W.2d 257, 261 (Mo.App. E.D.1989) (quoting *Barbieri v. Morris*, 315 S.W.2d 711, 714 (Mo. 1958)). "[A] statute which does not take away or impair a 'vested right' or impose a new or greater duty is not retrospective merely because it relates to prior facts or transactions." *Id.*

In *S.L.J.*, the court determined that a 1998 amendment, which provided new grounds for terminating parental rights, did affect substantive rights and could not be applied retroactively. *In re S.L.J.*, 3 S.W.3d at 906. "[T]he amended statute allows parents' rights in, to, and over their children to be terminated . . . for reasons that previously would not have supported a petition seeking or judgment granting

termination." *Id.* As a result, the court found that the amendments addressed in *S.L.J.* created new causes of action. *Id.* Consequently, the court determined that the trial court was correct in applying the version of the statute in effect when the petition was filed, rather than the amended version in effect when the case went to trial. *Id.*

In the case at bar, the amendment prohibits the court from granting visitation to a group of non-custodial parents, those who plead guilty to or are convicted of felony child abuse. § 452.400, RSMo Cum. Supp.1998. Prior to the amendment, such parents could only be denied visitation after a hearing and a finding that visitation "would endanger the child's physical health or impair his emotional development." § 452.400, RSMo 1994. Following the rationale of *S.L.J.*, the amendment affects substantive rights because it provides new grounds under which courts are required to deny non-custodial parents visitation.

■ But Father misperceives his own actions, as well as those of the Legislature and the court below. Father was precluded from having visitation with his children by the terms of his probation and the terms of the 1994 dissolution decree. Father was released from probation, however, on June 2, 1998. On that date and for nearly 90 days thereafter, § 452.400.1, RSMo 1994, was still in effect. During that time, Father could have filed a motion to modify seeking visitation with his children.[4] If he had done so, § 452.400.1, RSMo 1994, would have been applicable

because it was the statute in effect at the time the action was commenced, and it would have continued to be applicable to the case even if it was tried after the effective date of the amended statute. *In re S.L.J.*, 3 S.W.3d at 906.

Father did not file his motion to modify during that time frame. Rather, he filed his motion on December 28, 1999, more than a year and a half after he was released from probation and more than 16 months after § 452.400.1, RSMo Cum. Supp.1998, became effective. At the time he first sought a modification to secure visitation with his children, the controlling statute was § 452.400.1, RSMo Cum.Supp. 1998, and it precluded the court from granting him visitation because of his prior offenses. In dismissing Father's motion to modify, the trial court was not applying the statute retroactively. Rather, it was applying the law in effect at the time the action was commenced.

■ Father's contention, in effect, is that the version of § 452.400.1 in effect at the time he pled guilty to felony child abuse in 1993 did not preclude a court from awarding him visitation with his children. He therefore reasons that the Legislature cannot change the law after that time so as to prevent him from securing visitation based on his guilty plea. Accordingly, he claims he had a vested right to "seek visitation."

Father's reasoning is flawed. As noted, *supra*, a vested right is one that is "fixed, accrued, settled or absolute." *La–Z–Boy Chair Co.*, 983 S.W.2d at 525. A vested

---

4. Indeed, he could have filed a motion to modify at any time after the entry of the original decree of dissolution and before August 28, 1998, and the controlling statute would not have precluded a modification to grant him visitation. However, from a practical standpoint, even if the dissolution decree were modified to grant him visitation prior to

June 2, 1998, such visitation still would have been precluded by the terms of his probation. Accordingly, he realistically had a chance to seek visitation when such was not prohibited by his probation or precluded by amended § 452.400.1 between June 2, 1998, and August 28, 1998.

right " 'must be something more than a mere expectation based upon an anticipated continuance of the existing law.' " *Mo. Nat'l. Educ. Ass'n,* 34 S.W.3d at 285. (quoting *M & P Enter., Inc.,* 944 S.W.2d at 160). In order to seek visitation, Father first had to file a motion to modify. Prior to doing so, the best that can be said is that Father had a "mere expectation" that he could seek visitation. And a "mere expectation" is not a vested right.

The trial court did not err in dismissing Father's motion to modify because the relief he sought, i.e., visitation with his children, could not be granted by the court. The judgment is affirmed.

All concur.