Robert S. BENHAM, as Receiver for Manufacturers and Wholesalers Indemnity Exchange, Plaintiff-Appellant,

v.

Issac COX d/b/a C.T.L. Farm Service, Defendant-Respondent.

Robert S. BENHAM, as Receiver for Manufacturers and Wholesalers Indemnity Exchange, Plaintiff-Appellant,

v.

Warren HOBBS, Defendant-Respondent.

Nos. WD 35145, WD 35146.

Missouri Court of Appeals, Western District.

Sept. 18, 1984.

Arthur J. Meers, St. Joseph, for plaintiff-appellant.

Wilbur L. Pollard, North Kansas City, for defendant-respondent.

Before CLARK, P.J., and PRITCHARD and LOWENSTEIN, JJ.

CLARK, Presiding Judge.

In the appeals of these consolidated cases, the question is presented as to whether the receiver of an insolvent reciprocal exchange insurer not currently licensed to do business in Missouri is entitled to register a foreign judgment in Missouri under § 511.760, RSMo 1978, the Uniform Enforcement of Foreign Judgments Law. The trial court dismissed the judgment registration petitions on motion by the judgment defendants and the receiver appeals. Reversed.

Manufacturers and Wholesalers Indemnity Exchange was a reciprocal insurance company licensed to do business in Missouri since 1919. On November 25, 1975 excess losses resulted in the insurer being placed in receivership and by order of the District Court of Colorado administering the proceedings, a receiver was appointed. Appellant in this case is the successor to that position and is currently acting. The authority of the insurer to do business in Missouri was terminated concurrently with the commencement of the Colorado receivership.

Policies issued by Manufacturers provided that subscribing policyholders were liable for assessment in amounts equal to one annual earned premium per policy in the event of excess losses by the insurer. Respondents here were policyholders of Manufacturers having subscribed to insurance prior to the company's cessation of business in 1975. In 1980, pursuant to suits filed against respondents by the receiver to enforce the policy assessment obligations, the District Court in Colorado entered judgments against respondents by default. Those judgments matured to finality and the present suits for registration of the Colorado judgments in Missouri were filed in Harrison County, Missouri on September 20, 1982.

Respondents moved to dismiss the registration petitions on the sole ground that the judgment creditor was not entitled to maintain any action in a Missouri court because Manufacturers, as a foreign corporation was not in compliance with the registration requirements of § 351.570, RSMo 1978 and was thus barred from the courts of this state under § 351.635, RSMo 1978. The trial court sustained the motion on this ground.

Certain inferences to be drawn from the facts of this case narrow the scope of the issue presented. The Colorado action which placed Manufacturers in receivership was the consequence of the company's insolvency. It is therefore to be presumed that Manufacturers ceased doing business

at that time and conducted no business in Missouri after 1975. Obviously, an insolvent insurer in receivership could not obtain authorization from the Missouri Division of Insurance to sell policies in this state, and therefore, the receivership operated to preclude compliance by Manufacturers with the certification requirements of § 351.570, RSMo 1978, even had it attempted reinstatement.

■ The question therefore posed is whether § 351.635, RSMo 1978 may be construed to bar a foreign corporation from access to Missouri courts to register a judgment against a Missouri resident where the foreign corporation formerly did business in Missouri but has ceased doing business here, has no future prospect of doing business in the state and could not qualify to be admitted to do business because of insolvency. Appellant asserts that the penalty of § 351.635, RSMo 1978 does not apply in this situation. We agree.

■ No prior case has considered this exact fact situation where the foreign corporation was formerly qualified to and did conduct business in the state but has ceased business here and is no longer registered in Missouri as a foreign corporation. Previous cases have held, however, that exclusion of a foreign corporation from Missouri courts under the penalty statute may be imposed only where the corporation is engaged in intrastate business. If the foreign corporation engages, for example, in shipment of goods from out of state to Missouri customers on order from a broker or commission merchant, the corporation is entitled to sue in Missouri courts. *Central Woodwork, Inc. v. Steele Supply Company*, 358 S.W.2d 447 (Mo.App.1962); *Superior Concrete Accessories v. Kemper*, 284 S.W.2d 482 (Mo.1955). The sense of these cases is that § 351.635, RSMo 1978 has no purpose to exclude foreign corporations generally from access to Missouri courts but is applicable in only those situations where a foreign corporation seeks to conduct business intrastate in Missouri without complying with certification requirements of the statute.

■ Section 351.635, RSMo 1978, on which the trial court relied as a basis to dismiss appellant's petitions, imposes the penalty of excluding the foreign corporation from prosecution of suits in Missouri courts where the corporation is " * * * now doing business in or which may hereafter do business in this state * * * ", and fails to comply with § 351.370, RSMo 1978. The statute is to be applied and its language construed in accordance with certain familiar precepts. The intent of the legislature is to be ascertained from the language used and words are to be considered in their plain and ordinary meaning. *Springfield Park Central Hospital v. Director of Revenue*, 643 S.W.2d 599 (Mo. 1983). Intent and meaning of a statute can be ascertained from the general purposes of the enactment and by identifying the problem sought to be remedied. *Sermchief v. Gonzales*, 660 S.W.2d 683 (Mo. banc 1983).

It seems unmistakable that § 351.635, RSMo 1978 was intended by the legislature as a coercive measure designed to encourage compliance by foreign corporations with the registration requirements of § 351.370, RSMo 1978. This latter section applies only to corporations who are doing or intend to do business in Missouri and thus, if a foreign corporation is not subject to § 351.370, RSMo 1978, there is no purpose, under this hypothesis, to apply a coercive penalty. On this ground, the cases cited above held that foreign corporations not engaged in intrastate business in Missouri are not to be denied access to Missouri courts.

In the case of the insurer-plaintiff in the present case, it would appear to be of no consequence that Manufacturers formerly did business in Missouri, particularly where the company was appropriately registered and certified at the time as a foreign insurance company authorized to conduct its business in the state. Long before any proceedings were commenced against respondents in Colorado, Manufacturers had suspended all business operations and, as any other foreign corporation then trans-

acting no business in Missouri, it was not subject to compliance with § 351.570, RSMo 1978.

We are persuaded that § 351.635, RSMo 1978 can only be applied to deny a foreign corporation the affirmative use of Missouri courts if that corporation is doing business in Missouri without procuring the certificate of authority provided in § 351.-570, RSMo 1978. If, as is the case here, a foreign corporation qualifies in Missouri to transact business and later abandons its enterprise and is thereafter not registered any longer as a foreign corporation in the state, that circumstance alone will not entitle Missouri courts to dismiss its proceedings.

In the consideration of the issue presented, the question of whether the receiver's identity is sufficiently distinct from that of the insolvent corporation so as to render the corporation statutes inapplicable has been avoided as unnecessary to disposition. Also excluded are any of the questions of the jurisdictional and procedural validity of the Colorado judgments which have been briefed by the parties. The trial court dismissal was not grounded on these considerations which will be available as affirmative defenses if presented by respondents and subject to proof and resolution by the trial judge.

The court erred in dismissing appellant's petitions. That judgment is reversed and the case is remanded with direction that the petitions be reinstated.

All concur.