U.S. LIFE TITLE INSURANCE
COMPANY, Respondent,

v.

Robert B. BRENTS and Patricia G.
Brents, Appellants.

No. WD 34172.

Missouri Court of Appeals,
Western District.

Feb. 7, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
March 27, 1984.

Application for Transfer Sustained
May 15, 1984.

Case Retransferred Sept. 28, 1984.

Court of Appeals Opinion Readopted
Oct. 10, 1984.

**840**

Robert K. Ball, II, Kansas City, for appellants.

J. Kent Emison and Charles Christian Kirley, Kansas City, for respondent.

Before MANFORD, P.J., and CLARK and KENNEDY, JJ.

KENNEDY, Judge.

U.S. Life Title Insurance Company of Dallas had judgment against Robert D. Brents and Patricia Brents for $8,650.50 principal plus interest of $3,223.41, attorney's fees of $900 and costs. The judgment was on a promissory note signed by Mr. and Mrs. Brents to Household Realty Corporation, an adjunct of Household Finance Corporation, and assigned to plaintiff U.S. Life Title.

Mr. and Mrs. Brents appeal, claiming that that note provided a usurious rate of interest (15.617 annual percentage rate). They claim that when the excessive interest paid by them is applied to principal, as directed by statute, § 408.060, RSMo 1978, that the amount of the principal is reduced to $6,538.29 and the interest owing by them (computed by the "legal rate", § 408.020, RSMo, Supp.1984 (amend.1979)) is $1,031.96 as of the date of judgment. They claim also that the court was in error in awarding attorney's fees and costs to the plaintiffs.

Mr. and Mrs. Brents had made irregular payments on the note, totaling $4,220, principal and interest inclusive. The trial court applied the interest rate called for by the note, resulting in the unpaid principal balance of $8,650.50, as noted above.

The resolution of all the above questions depend upon whether the interest rate called for by the note is usurious, and the resolution of that question depends in turn upon whether § 408.231–408.240, RSMo Supp.1984 as amended (which for convenience we will call "the residential second mortgage law"), controls the permissible interest rate, or § 408.030, RSMo Supp. 1984 (amended 1979). The former statute, which would allow the interest rate called for by this note (15.16% per annum), became effective September 29, 1979, but the promissory note had been executed on October 17, 1977. U.S. Life Title says that the statute was retroactive in its operation and served to validate the interest rate called for by the note.

Mr. and Mrs. Brents, on the other hand, claim that the residential second mortgage law was prospective in operation, and that the applicable statute was § 408.030, supra, which allowed only a 10 percent annual interest rate.

We agree with the defendants and accordingly reverse the judgment, remanding the same for the entry of a new judgment.

■ We hold that §§ 408.231–240, RSMo Supp.1984, relating to residential second mortgage loans, is applicable only to loans made after its effective date of September 29, 1979.

U.S. Life Title cites us to a number of cases from other jurisdictions which hold that a note, usurious under a statute in effect when the note is made, is made non-usurious by a later repeal or amendment of the statute. The leading case seems to be *Ewell v. Daggs*, 108 U.S. 143, 2 S.Ct. 408, 27 L.Ed. 682 (1883). That case held that an interest rate which was usurious when a note was made under the Texas statute then in effect, was collectible by suit after the statute was repealed by a

constitutional amendment. The court wrote, 1.c. 151:

... Independent of the nature of the forfeiture as a penalty, which is taken away by a repeal of the act, the more general and deeper principle on which they are to be supported is, that the right of a Defendant to avoid his contract is given to him by statute, for purposes of its own, and not because it affects the merits of the obligation; and that whatever the statute gives, under such circumstances, as long as it remains *in feiri*, and not realized by having passed them to a completed transaction, may, by a subsequent statute, be taken away. It is a privilege that belongs to the remedy, and forms no element in the rights that inhere in the contract. The benefit of which he has received is the consideration of the contract, which, contrary to law, he actually made, is just ground for imposing upon him, by subsequent legislation, the liability which he intended to incur....

Other cases cited by U.S. Life Title, which follow generally the *Ewell v. Daggs* rule, are *American Savings Life Insurance Company, Inc. v. Financial Affairs Management Company*, 20 Ariz.App. 479, 513 P.2d 1362 (Ariz.App.1973); and *United Realty Trust v. Property Development & Research Company*, 269 N.W.2d 737 (Minn.1978). Plaintiff cites no Missouri cases which it claims support its position.

However, this court has quite recently ruled upon the question in the opposite way. In *Garrett v. Citizens Savings Ass'n*, 636 S.W.2d 104, 108–109 (Mo.App. 1982), it was held that a statute (§ 408.035, RSMo 1978), which removed a certain kind of loan ("a business loan of $5,000 or more") from the interest rate limitation of § 408.030, supra, was prospective in operation and not retrospective. The later enacted statute did not aid a lender in a claim by the borrower for recovery of interest paid in excess of the interest limitation which was in effect at the time the loan was made. *Garrett* we think decides the case before us.

U.S. Life Title attempts to distinguish *Garrett* from this case. It points out that the plaintiff borrower in *Garrett* was seeking recovery of interest already paid, while in our case the defendant borrower is resisting the payment of interest not yet paid. At least with respect to the prospective or retrospective operation of the residential second mortgage loan statute, we do not think the distinction noted by U.S. Life Title makes any difference.

U.S. Life Title next says that the court in *Garrett* did not consider *Ewell v. Daggs*, supra, and cases following that line of reasoning. It may be true that the court did not focus upon those cases. They are not cited in the opinion and presumably were not cited by the parties. In any case decided by any appellate court, however, there is the possibility that some authority was not considered, or some argument. Nonetheless, the same or an analogous issue was decided and the case stands as authoritative precedent to be followed until and unless it is overruled. *Stare decisis*.

If we were writing for the first time upon the question of the prospective or retrospective operation of residential second mortgage loan law, unfettered by precedent, we would come to the same conclusion. We find evidence in the statute itself that the legislature intended it to be prospective only in its operation. The act is not simply a repeal of an interest rate limitation, nor an amendment by changing a figure, but rather it is the adoption of a fairly comprehensive scheme, covering various aspects of the business of making high-interest second mortgage loans on residential real estate. It contains a somewhat detailed formula for qualifying a second mortgage on residential real estate for the 1.375 percent per month interest rate, making some quite specific requirements for the terms of the note and of the security. While it appears that the present transaction does not violate the requirements, that is fortuitous. A person would generally have to have the detailed requirements of the act before him at the time of making the loan in order to bring the note

and mortgage into alignment with the law. See Eckhardt, Second Mortgages on Residential Real Estate, 36 J. Mo.Bar 355 (Sept. 1980).

Furthermore the law mandates the examination by the director of the division of finance of those making such residential second mortgage loans, and gives him the power to inspect the documents and records related to such second mortgage loans, § 408.235, RSMo Supp.1984. This was a power and a duty that did not exist before the enactment of the law.

■ The law provides criminal penalties for its violation, § 408.240, RSMo Supp.1984. It provides also that any person violating the provisions of the second mortgage loan law "shall be barred from the recovery of *any* interest on the contract." § 408.236, RSMo Supp.1984 (Emphasis supplied.) Laws providing for penalties and forfeitures are always given only prospective application, and retrospective application would render such a statute unconstitutional. *U.S. v. Radiator & Standard Sanitary Corp.*, 288 F.Supp. 701, 706–07 (W.D.Pa.1968). If part of the law is prospective in operation, it is evidence that the whole law is intended to be prospective in operation. C. Sands, 2 Sutherland Statutory Construction, § 41.04 (4th ed. 1972). We hold that the second mortgage law has woven into its fabric clear evidence of a legislative intent that it be prospective only in its application. It does not reach back to validate the note in suit here.

■ The interest rate of 15.617 percent per annum, then, was usurious. The remedy in such case is prescribed by § 408.060, RSMo 1978. It says that when usurious interest has been paid, "the same, in excess of the legal rate of interest, shall be deemed payment, shall be credited upon the principal debt, and all costs of the action shall be taxed against the party guilty of exacting usurious interest, who shall in no case recover judgment for more than the amount found due upon the principal debt, with legal interest, after deducting there-

from all payments of usurious interest made by the debtor, ..."

The parties disagree on the "legal rate of interest" which should be applied. The defendants say that a 6 percent annual interest rate should be applied, since that was the legal rate when the note was signed, § 408.020, amended 1979, and, the above quoted section, § 408.060, supra, says that the interest is to be calculated at the legal rate and all paid above that is to be applied to principal. U.S. Life Title, on the other hand, wants to take advantage of a change in the legal rate of interest from 6 percent to 9 percent, effective September 28, 1979. Its position is that the 6 percent interest rate should be applied up to that date, and the 9 percent rate should be applied from then on.

U.S. Life Title has the better of the argument. The 6 percent rate should be applied from the date of the note up to September 28, 1979, and the 9 percent rate applied from then on. *Garrett*, 636 S.W.2d at 112. By this calculation the judgment should be for principal of $6,678.43, which was the unpaid principal balance after the last payment made by defendants on January 7, 1980. The judgment should be for that amount plus interest on that amount at the rate of 9 percent per annum from that date forward, with interest to be compounded annually. § 408.040, RSMo 1984 (amended 1979).

■ Appellant says the court erred in awarding attorney's fees called for by the notes since § 408.060, supra, quoted above that the lender "shall in no case recover judgment for more than the amount found due upon the principal debt, with legal interest, after deducting therefrom all payments of usurious interest made by the debtor". Appellant is correct on that point. Appellant is also correct that the costs of the case should be assessed against U.S. Life Title.

The judgment is reversed and the case is remanded with directions that a new judg-

 

ment be entered in accordance with this opinion.

All concur.