Dear Mr. Rice:
This opinion is in response to your question which can be summarized as follows:
 Is the arrest records closure provision contained in Section 3.1 of House Bills Nos. 873 874, Eighty-Third General Assembly, Second Regular Session, to be applied prospectively beginning with the records that are compiled on or after January 1, 1988, or is the provision to be applied retrospectively to all records, including those created prior to January 1, 1988?
Section 3.1 of House Bills Nos. 873 874, Eighty-Third General Assembly, Second Regular Session has been numbered Section 43.506, RSMo 1986. Such section provides in part as follows:
 All information collected under sections 43.500 to 43.530 shall be available only as set forth in section 610.120, RSMo, except that, notwithstanding any provision of law or regulation enacted pursuant thereto, all arrest records where any disposition indicates that a case has been nolle prossed, dismissed, or resulted in acquittal shall be closed for all dissemination purposes five years from the date of the arrest and shall not be opened or made disseminable unless and until the subject is charged with a new or subsequent offense.
The Criminal History Record Information Act, passed by the Eighty-Third General Assembly, Second Regular Session, as House Bills Nos. 873 874, creates a central repository for the compilation and dissemination of criminal history records. This act mandates that all law enforcement agencies, the clerks of each court, and the prosecuting and circuit attorneys of every city and county submit criminal record information to the central repository for filing. The filing requirement, however, does not take effect until January 1, 1988. Delayed compliance also can be requested by the reporting agency, court or attorney. See Section 43.524, RSMo 1986.
Section 43.506 provides that arrest records be closed for all dissemination purposes five years from the date of the arrest if the disposition of the arrest indicates that the case has been nolle prossed, dismissed, or resulted in an acquittal. An exception to the five-year-closure provision exists only in those cases where the arrestee is later charged with a new or subsequent offense.
Section 43.506, pertaining to the closure of the arrest records after five years, is a new and significant change in the laws pertaining to criminal records. Previously, when arrest records were closed, the closure did not preclude courts, administrative agencies, law enforcement agencies, and federal agencies from employing such records for purposes of prosecution, litigation, sentencing and parole consideration.See Section 610.120, RSMo Supp. 1984.
The new Criminal History Record Information Act precludes the dissemination of certain enumerated arrest records, five years after the arrest, to any agency or person for any purpose. The question posed is whether the arrest records closure provision contained in Section 43.506 is to be applied prospectively beginning with the records that are complied on or after January 1, 1988, or whether the provision applies retrospectively to all records, including those created prior to January 1, 1988.
As a general rule, statutes are presumed to operate prospectively, "unless the legislative intent that they be given retroactive operation clearly appears from the express language of the act or by necessary or unavoidable implication."Department of Social Services v. Villa Capri Homes,Inc., 684 S.W.2d 327, 332 (Mo. banc 1985); Lincoln Credit Co.v. Peach, 636 S.W.2d 31, 34 (Mo. banc 1982), appealdismissed, 459 U.S. 1094, 103 S.Ct. 711, 74 L.Ed.2d 942
(1983); see also Pipe Fabricators, Inc. v. Director ofRevenue, 654 S.W.2d 74 (Mo. banc 1983). If the presumption of prospective application is overcome, then the inquiry focuses on whether the statute falls within any constitutional proscription against retrospective laws. Department of SocialServices v. Villa Capri Homes, Inc., supra. For instance, if it is determined that the legislature intended for the statute to be applied retrospectively, thus destroying the usual presumption, then the inquiry focuses on Article I, Section 13 of the Missouri Constitution, which bans retrospective laws in cases where the statute eliminates or impairs any existing vested right. Id.
The legislature has manifested an intent to apply all provisions of the criminal recordation sections in a prospective manner. As noted in U.S. Life Title InsuranceCompany v. Brents, 676 S.W.2d 839, 842 (Mo.App., W.D. 1984), "[i]f part of the law is prospective in operation, it is evidence that the whole law is intended to be prospective in operation." Here, that portion of the law which pertains to the collection of criminal history records is to take effect on January 1, 1988. It follows, therefore, that the remainder of the law pertaining to the dissemination of the collected information also is to take effect on January 1, 1988.
Moreover, common sense dictates that the section be applied prospectively. Section 43.506 initially provides that any information collected under Sections 43.500 to 43.530
(the new act) be made available pursuant to Section 610.120, and then provides for the complete closure of certain arrest records that are five years old. It would appear, therefore, that Section 43.506 applies only to "information collected under Sections 43.500 to 43.530." If the collection of the information under Sections 43.500 to 43.530 is not scheduled to begin until January 1, 1988, then obviously any provision pertaining to the dissemination of that collected information also could not begin until after January 1, 1988. It would be absurd for the provisions pertaining to the dissemination of information to take effect prior to those provisions pertaining to the collection of the same information. Statutes are not to be interpreted to produce absurd results. State ex rel. ISCFinancial Corporation v. Kinder, 684 S.W.2d 910 (Mo.App., W.D. 1985). Although the Missouri State Highway Patrol may currently collect arrest record information, that information is not collected pursuant to Sections 43.500, et seq. (the new act), and thus that information is not subject to the new dissemination restriction set forth in Section 43.506.
A similar issue recently was addressed in Martin v.Schmalz, 713 S.W.2d 22 (Mo.App., E.D. 1986). There, the Court held that Sections 610.100, et seq., pertaining to the closure of certain arrest records with restrictions, was to be applied retrospectively. In so holding, the Court stated that they were unable to discern any legitimate state interest justifying the disparate treatment of arrest records, predicated solely on the date of the arrest. The Court particularly was concerned that records of groundless arrests, compiled prior to the enactment of Sections 610.100, et seq., were open for public inspection and potential abusive use, while similar arrest records compiled after the enactment of Sections 610.100, et seq., received confidential treatment by closure.
The concerns of the court in Martin v. Schmalz, supra,
are not present in the instant case. Arrest records compiled by various governmental bodies will continue to receive the protection of Sections 610.100, et seq., and will not be subject to potential abuse. The Martin case also is distinguishable because Sections 610.100, et seq., contain no language evidencing a legislative intent to have the statutes applied only prospectively. The act in question here, as just discussed, contains a clear indication from the legislature that it is not to take effect until 1988.
The equal protection concerns addressed by the Court inMartin v. Schmalz, supra, also are absent. Here, all
records contained in the central repository created by Sections43.500 through 43.530 (the new act), will be treated in a like manner. There is no arbitrary distinction being drawn solely on the basis of the date of the arrest as in the Martin
case. Rather, the only distinction is being drawn between arrest records contained in the central repository and those which are not so included because they may have been compiled at an earlier date and are scattered in the files of various law enforcement agencies.
It is the opinion of this office that Section 3.1 of House Bills Nos. 873 874, Eighty-Third General Assembly, Second Regular Session (Section 43.506, RSMo 1986), is to be applied prospectively to those arrest records compiled in the central repository after January 1, 1988.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General