Richard A. AVILA and Dana
Avila, Appellants,

v.

COMMUNITY BANK OF VIRGINIA, et
al, GMAC–Residential Funding Cor-
poration, US Bank Trust NA as Trus-
tee for FirstPlus Home Loan Trust
1996–2, FirstPlus Home Loan Owner
Trust 1996–3, 1996–4, 1997–1, and Ace
Securities Corporation Home Loan,
Trust 1999–A, EquityPlus Financial,
Inc., U.S. Bank NA, US Bank NA ND,
FirstPlus Home Loan Owner Trusts
1997–2, 1997–3, 1997–4, 1009–1, 1998–2,
1998–3, 1998–4, 1998–5, Respondents.

No. WD 61568.

Missouri Court of Appeals,
Western District.

Aug. 26, 2003.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 1, 2004.

Application for Transfer Denied
Sept. 28, 2004.

**2**

J. Michael Vaughan, Kansas City, for Appellants.

Laurence R. Tucker, Kansas City, for Community Bank of Northern VA.

Randolph G. Willis, Kansas City, MO, for GMAC–Residential Funding.

Daniel L. McClain, Co–Counsel for GMAC–Residential Funding.

Mark A. Olthoff, Kansas City, MO, for US Bank Trust NA, US Bank, NA, US Bank NA ND, FirstPlus Home Loan Owner Trusts 1997–2, 1997–3, 1997–4.

Scott M. Brinkman, Kansas City, MO, for EquityPlus Financial.

Leslie A. Greathouse, for Ace Securities Corporation, U.S. Bank Trust NA as Trustee for FirstPlus Home Loan Trust, FirstPlus Home Loan Owner Trusts 1996–3, 1996–4, 1997–1.

Before HOWARD, P.J.,
LOWENSTEIN and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

Richard and Dana Avila appeal the circuit court's dismissal of their claims against Community Bank of Northern Virginia ("Community Bank") and GMAC–Residential Funding Corporation ("GMAC") for violations of the Second Mortgage Loan Act ("SMLA"), Section 408.231 et seq.[1] We affirm the circuit court's dismissal because the Avilas failed to state a claim under the SMLA on which relief could be granted.

### FACTUAL AND PROCEDURAL HISTORY

On June 30, 1998, the Avilas obtained from Community Bank a $30,000 loan secured by a second mortgage on the Avilas' home. The loan was to be repaid over fifteen years at an annual interest rate of 13.5%. To obtain the loan, the Avilas were required to pay a loan origination fee of $2,400 to an affiliate company of Community Bank, a title examination fee of $231, an overnight fee of $25, and a processing fee of $200 to a title company.

In June 2001, the Avilas filed a class action lawsuit, in the Circuit Court of Jackson County, alleging that Community Bank's lending practices violated the SMLA. The Avilas sought to represent a statewide class of real estate owners who obtained second mortgage loans from Community Bank. In their Second Amended Petition, the Avilas alleged Community Bank violated the SMLA by disguising a finder's fee as a loan origination fee, and by charging non-bona fide fees for title examination, processing, and overnight handling. The lawsuit named nineteen additional defendants allegedly involved in the lending practices, including GMAC, which was an assignee on some of the second mortgage loans originated by Com-

---

1. All statutory citations are to Revised Missouri Statutes 1994, unless otherwise indicated.

munity Bank. The Avilas sought recovery of any improperly collected fees and interest paid, the forfeiture of future interest due on the loan, punitive damages, costs, and attorney's fees.

Community Bank and GMAC, as well as several other defendants, filed motions to dismiss the petition[2] for failure to state a claim under the SMLA. In a summary order, the circuit court granted the motions and dismissed without prejudice the claims against those defendants in the Second Amended Petition. The Avilas then voluntarily dismissed without prejudice all remaining defendants and claims in the Second Amended Petition. On appeal, the Avilas challenge only the circuit court's judgment dismissing without prejudice all claims against Community Bank and GMAC.

## APPELLATE JURISDICTION

■ Although no jurisdictional objection has been raised, we must *sua sponte* determine our authority to review the circuit court's judgment of dismissal without prejudice. *Chromalloy American Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo. banc 1997). Appellate jurisdiction is contingent upon the existence of a final judgment. *Bush Const. Machinery, Inc. v. Kansas City Factory Outlets, L.L.C.*, 37 S.W.3d 852, 854 (Mo.App. W.D.2001). A judgment is final when it disposes of all issues and parties in a case and leaves nothing for future determination. *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo.banc 1997).

■ A dismissal without prejudice permits the petitioner to bring another action for the same cause. Rule 67.01[3]

Because it leaves open the prospect of a future determination, a dismissal without prejudice generally is not a final judgment and, therefore, is not appealable. *Bush*, 37 S.W.3d at 854. An exception to this general rule arises when a petition is dismissed without prejudice for failure to state a claim on which relief can be granted and the plaintiff elects not to refile or amend the pleadings. *Mahoney v. Doerhoff Surgical Services*, 807 S.W.2d 503, 506 (Mo. banc 1991). If the plaintiff takes no action to correct the petition, the effect of the circuit court's decision is to dismiss the *cause of action* and not merely the pleading. *Id.* Under these circumstances, the judgment of dismissal—albeit without prejudice—operates as a final determination on the merits and, therefore, may be appealed. *Id.*

All claims and defendants named in the Avila's Second Amended Petition were dismissed without prejudice. Because the Avilas opted not to refile or further amend the petition, the dismissal amounts to a final adjudication that no causes of action exist against any of the defendants. We have jurisdiction to review the judgment of dismissal without prejudice of all claims against Community Bank and GMAC because it fully and finally disposes of all parties and claims in the Second Amended Petition.

## Issue on Appeal

■ The Avilas contend the circuit court erred in granting the motions to dismiss because the Second Amended Petition properly stated a claim for relief under the SMLA against Community Bank and GMAC. While the circuit court did not

---

2. The motions to dismiss were filed prior to amendment of the petition, however, the parties later stipulated the dismissal motions would be deemed filed in response to the Second Amended Petition.

3. All rule citations are to the Missouri Rules of Civil Procedure.

explain the reasons for dismissal, we presume the decision was based on grounds stated in the dismissal motions and will affirm if dismissal was appropriate on any grounds stated therein. *Duvall v. Lawrence*, 86 S.W.3d 74, 78 (Mo.App. E.D. 2002).

A motion to dismiss is an attack on the petition and solely a test of the adequacy of the pleadings. *Wheeler v. Sweezer*, 65 S.W.3d 565, 568 (Mo.App. W.D.2002). Upon review of an order granting a motion to dismiss, we must determine if the facts pleaded and the reasonable inferences therefrom state any grounds for relief. *In re Estate of Clark*, 83 S.W.3d 699, 702 (Mo.App. W.D.2002). We assume the factual allegations are true and make no attempt to weigh credibility or persuasiveness. *Johnson ex rel. Wilken v. Jones*, 67 S.W.3d 702, 705 (Mo.App. W.D.2002). We review the petition in an almost academic manner to determine if the facts alleged meet the elements of a recognized cause of action or of a cause that might be adopted in that case. *Nazeri v. Mo. Valley Coll.*, 860 S.W.2d 303, 306 (Mo. banc 1993). Our review is a *de novo* examination of whether the petition invokes principles of substantive law. *In re Estate of Clark*, 83 S.W.3d at 702.

The Avilas' Second Amended Petition is a single-count complaint alleging that Community Bank, and its affiliates and assignees, engaged in lending practices which violated the SMLA. Enacted in 1979, the SMLA is a consumer-protection measure designed to regulate "the business of making high interest second mortgage loans on residential real estate." *U.S. Life Title Ins. Co. v. Brents*, 676 S.W.2d 839, 841 (Mo.App. W.D.1984). Section 408.232 of the SMLA specifies the permissible interest rates and computation requirements for second mortgage loans governed by Missouri law. For loans originated prior to August 28, 1998, the maximum interest rate is 1.67% per month, equivalent to 20.04% annually, and the statute requires the interest to be computed on unpaid balances of the principal for the time actually outstanding.[4] Section 408.232.1.

The SMLA also limits the types and amounts of "additional fees" that can be charged in connection with a high-interest second mortgage loan. Section 408.233. However, these limitations are only applicable to second mortgage loans on which an unlawful rate of interest is charged. In this regard, Section 408.232.4 states:

Sections 408.231 to 408.241 [the SMLA] shall not apply to any loans on which the rate of interest charged is lawful without regard to the rates permitted [i.e., 1.67% per month] in subsection 1 of this section.

If the interest rate on a second mortgage loan exceeds the legal limit, the lender is prohibited from assessing additional loan fees and charges except as specifically authorized by Section 408.233. The authorized charges include public filing fees, taxes, bona fide closing costs paid to third parties, insurance, and origination fees. Section 408.233. A lender may be subject to a civil action or criminal penalties for charging any fees other than those permitted by Section 408.233. Sections 408.562, 408.240.

To state a civil claim under these provisions of the SMLA, the Avilas had to plead facts establishing that: (1) they obtained a

---

4. The SMLA was amended, effective August 28, 1998, to set the permissible rates of interest at any "rates agreed to by the parties," provided the interest is "computed on unpaid balances of the principal for time actually outstanding." Section 408.232.1 R.S.Mo. Supp 1998. This amendment is not applicable to the Avila's loan, which originated in June 1998.

secondary mortgage loan; (2) an unlawful rate of interest was charged on the loan; and (3) the fees charged in connection with the loan were not authorized by Section 408.233. In the Second Amended Petition, no allegation or inference was made that the interest rate charged on the Avilas' loan was unlawful. Community Bank and GMAC moved to dismiss the petition for failure to plead any facts establishing this second element of the SMLA claim. They argued the 13.5% interest rate on the Avilas' loan was lawful under applicable state and federal laws governing interest rates and, thus, no claim for relief could be stated under Section 408.232.4 of the SMLA. We presume the circuit court granted dismissal on this basis.

On appeal, the Avilas contend the circuit court erroneously interpreted Section 408.232.4 in determining the petition failed to state a claim against Community Bank and its assignee, GMAC. Appellants acknowledge that Section 408.232.4 provides the SMLA "shall not apply to any loans on which the rate of interest charged is lawful ..." They interpret the term "lawful" to mean lawful only under Missouri's interest rate laws, as opposed to lawful under any state or federal law. Community Bank is a Virginia corporation whose interest rates are governed by Virginia law. Federal law permits Community Bank, as a state-chartered bank, to export interest rates from its home state when conducting loan transactions in a foreign state. See 12 U.S.C. § 1831d.

Since Community Bank's interest rate was governed by these other state and federal laws, the Avilas argue the rate could not satisfy the requirement of being "lawful" under Missouri's interest rate laws. The Avilas contend the legislative intent of Section 408.232.4 was to exempt from the SMLA only those lenders who were subject to and complied with Missouri's interest rate laws. The Avilas suggest they were not required to plead any facts relative to Section 408.232.4 because the exemption was not applicable to Community Bank and its assignee, GMAC, as foreign lenders.

To resolve this issue on appeal, we must determine the meaning of the word "lawful" as used in Section 408.232.4. The goal of statutory interpretation is to ascertain the intent of the legislature from the language used and to give effect to that intent. *State v. Residence Located at 5708 Paseo, Kansas City, Missouri,* 896 S.W.2d 532, 537 (Mo.App. W.D.1995). "When the language of a statute is clear and unambiguous on its face, courts construe the language according to its plain and ordinary meaning." *Id.* In the absence of statutory definitions, the plain and ordinary meaning of a term may be derived from a dictionary, *American Healthcare Management, Inc. v. Director or Revenue,* 984 S.W.2d 496, 498 (Mo. banc 1999), and by considering the context of the entire statute in which it appears. *Butler v. Mitchell–Hugeback, Inc.,* 895 S.W.2d 15, 19 (Mo. banc 1995). "The issue is not whether a particular word in a statute, considered in isolation, is ambiguous, but whether the statute itself is ambiguous." *J.B. Vending Co. v. Dir. of Revenue,* 54 S.W.3d 183, 187 (Mo.banc 2001).

The term "lawful" means to be "in harmony with the law" or "constituted, authorized, or established by law." *Merriam Webster's Collegiate Dictionary,* Tenth Edition, 658 (2000). These definitions indicate the ordinary use of the term does not imply a limitation as to a particular type of law, *i.e.* federal, state, local or otherwise. Courts are not authorized to add provisions to a statute that are not plainly written or necessarily implied. *Wilkinson v. Brune,* 682 S.W.2d 107, 111 (Mo.App. E.D.1984). We must presume the legislature acted with knowledge of existing state and federal interest laws,

**6**

and would have expressly stated that the interest rates must be *lawful under Missouri law* if it had so intended. *Id.*

Nor is there any contextual language in Section 408.232.4 or other provisions of the SMLA to suggest the legislature intended "lawful" to mean lawful only under Missouri law. Indeed, the statute's cross-reference to a related subsection indicates no such limitation was intended. Section 408.232.4 provides that the SMLA "shall not apply to any loans on which the rate of interest charged is lawful *without regard to the rates permitted in subsection 1 of this section.*" (emphasis added) Subsection 1 of Section 408.232 sets the maximum interest rates for second mortgage loans, under Missouri law, at 1.67% monthly or 20.04% annually. Reading subsections 1 and 4 together, it is clear the legislature intended to exempt from the SMLA all loans on which the interest rate was lawful, regardless of the maximum interest rate under Missouri law.

The plain language of Section 408.232.4 indicates the Avilas could only pursue an SMLA claim if the rate of interest on their second mortgage loan exceeded the maximum interest rates allowed by any applicable state or federal law. This threshold requirement is consistent with the legislative purpose of the SMLA to protect consumers in the "high-interest" secondary mortgage loan market. *U.S. Life Title Ins.*, 676 S.W.2d at 841.

In the Second Amended Petition, the Avilas alleged a 13.5% interest rate was charged on their second mortgage loan originated by Community Bank. This was the only allegation in the petition regarding the interest rate. The petition failed to make any allegation or inference that the interest rate was unlawful. At most, the petition asserted improper closing fees and processing fees were charged over the course of the loan, thereby resulting in additional interest charges which violated the SMLA. However, the Avilas were not entitled to seek relief for any improper additional charges under the SMLA unless they could first demonstrate the interest rate itself was unlawful.

Community Bank and GMAC moved to dismiss the Avilas' original petition on grounds that it did not plead facts to establish this preliminary requirement for an SMLA claim. The Avilas twice amended their petition but nonetheless failed to state any facts from which it could be inferred that the 13.5% interest rate on their loan was unlawful. The circuit court properly applied Section 408.232.4 in dismissing the Second Amended Petition because the Avilas failed to state a claim for relief under the SMLA.

The judgment of the circuit court is affirmed.

All concur.